THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE W. SELIGMAN, as Executor, etc., of ISAAC N. SELIGMAN, Deceased, Appellant, *v.* JOHN F. GILCHRIST and Others, Constituting the State Tax Commission of the State of New York, Respondents.

Third Department, January 6, 1926.

Taxation — income tax — deductions from income of estate for year 1922 — during year 1922 executors paid additional Federal estate tax which was finally determined in that year — said tax is deductible under Tax Law, § 360 — " accrued," as used in said section, defined.

An additional Federal estate tax, the amount of which was not determined because of the condition of the estate until 1922, about five years after the testator's death, is deductible from the income tax of the estate for the year 1922, under section 360 of the Tax Law, which provides for the deduction of such a tax " paid or accrued within the taxable year," for the Federal estate tax was not due and payable, an extension of payment having been legally made, until it was finally assessed and determined by the Federal authorities, which was during the year 1922.

The word " accrued," as used in section 360 of the Tax Law, means " matured; " that is, subject to and fixed for payment. A tax cannot be considered to have accrued until the amount required to be paid is determined.

CERTIORARI issued out of the Supreme Court (after the taking effect of the Civil Practice Act) and attested on the 15th day of May, 1925, directed to John F. Gilchrist and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the office of the clerk of the county of Albany all and singular their proceedings had in confirming an additional assessment, made on January 7, 1925, for the 1922 State income tax against the estate of decedent, based upon the disallowance of a deduction claimed for the payment of an additional Federal estate tax assessed and paid in 1922.

*Seligman & Seligman* [*Harding Johnson* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*Henry S. Manley* of counsel], for the respondents.

VAN KIRK, J.   The issue herein arises in determining an income tax, and out of the disallowance of a deduction of $190,600.48 paid by the executors to the Federal collector of taxes August 4, 1922, the amount then assessed of the additional Federal estate tax.   The facts are undisputed.   The decedent, Isaac N. Seligman, died September 30, 1917.   Each year thereafter the executors have made return for and paid the State income tax.   They have uniformly kept their books for income tax purposes on a cash (receipt and payment) basis, not an accrual basis.   In April, 1923, they filed their income tax return for the calendar year 1922, in which was entered as a deduction the additional Federal estate tax, assessed July 22, 1922, and paid August 4, 1922.   The occasion for this additional assessment was as follows: The financial condition of the estate was such that the amount of the Federal estate tax could not be determined within the general time limited for payment of such a tax, and in consequence the executors, in November, 1919, paid to the Federal collector a sum of money sufficient in the opinion of the collector to discharge the tax and received a receipt therefor.   This payment was made within the period of time for payment of the tax as extended by grant of the Federal commissioner.   Not until July 22, 1922, did the Federal commissioner fix and assess the estate tax.   On these admitted facts the only question presented is one of law and arises solely because of the disallowance by the State Tax Commission of this deduction for the additional estate tax.   This disallowance caused the State income tax assessment for 1922 to be increased in the sum of $4,300.69, which is the sole item in dispute.

Section 360 of the Tax Law (added by Laws of 1919, chap. 627, as amd. by Laws of 1921, chap. 477), known as the State

Income Tax Law (Tax Law, art. 16), provides as follows: " Deductions.   In computing net income there shall be allowed as deductions: * * * 3. Taxes other than income taxes paid or accrued within the taxable year imposed, *first*, by the authority of the United States, * * *."   There are no conditions attached to this direction of the statute; nor is there any provision of the statute modifying or qualifying the direction.   Statutes imposing liability for taxes must be construed strictly against the government.   By construction they may not be given a wider scope or application than the words of the statute justify.   (*Gould* v. *Gould*, 245 U. S. 151.)   There is in the record no charge against the executors of fraud, evasion or bad faith; no carrying over arrears of taxes payable in a preceding year. The actual amount of the estate tax due the Federal government was not determined until July, 1922.   At no earlier date could the executors have paid it.   No fault of the executors delayed the payment; in all respects they promptly and strictly complied with the Federal Estate Tax Law.   The Federal estate tax is not an income tax and is deductible from the income of the estate during the year of payment.   (*Matter of Home Trust Co.* v. *Law* [*Carnegie Estate*], 204 App. Div. 590, 594; affd., 236 N. Y. 607.)

The ground for disallowing the deduction is stated by the State Tax Commission as follows: "As the Federal estate tax accrued and was payable one year after the death of Isaac N. Seligman and became a debt against the estate prior to the effective date of the New York State Personal Income Tax Law, January 1, 1919, the deduction of $190,600.48, Federal estate tax is disallowed.   As a debt of the estate created prior to January 1, 1919, the amount is not deductible from income."   We find neither statute nor decision to sustain this holding.

Because of the provisions of subdivision (b) of section 1400 of the Revenue Act of 1918 (40 U. S. Stat. at Large, 1150) the Federal " estate tax " upon this estate was assessable and collectible under title 4 (called the " estate tax ") of the Revenue Act of 1918 (40 id. 1096 *et seq.*), which act went into effect February 25, 1919.   (See 40 id. 1152, chap. 18, § 1409.   See, also, Revenue Act of 1916 [39 id. 777, 778], tit. 2, § 204.)   The one year after death given for assessment and payment of the tax did not expire until September 30, 1918.   The Federal collector and the Federal commissioner proceeded under this act in assessing and collecting the estate tax.

Under this act the general provision making the estate tax payable one year after death does not apply to all estates.   By section 406 of said Revenue Act of 1918 (40 U. S. Stat. at Large, 1099) the commissioner is given power to grant an extension of time for the payment of the tax for a period not to exceed three

years from the due date, thus extending the time from one year to four; the words " due date " refer to the general provision of the statute that the tax shall be paid within one year after the death. The commissioner extended the time for payment of this tax until November, 1919; within that time the amount of the estate tax had not been determined and, as the act permits (40 id. 1100, § 407), on account of the peculiar conditions of the estate, a sum satisfactory to the collector was then paid, which presumably was a full discharge of the tax. It still remained for the commissioner to fix the actual amount of the tax and this was not done until July 22, 1922. Within thirty days thereafter the tax became payable. It then was not a tax payable one year after the death of Isaac N. Seligman. Nor can the estate tax in this case be considered an accrued debt of the estate prior to July 22, 1922. It is true the statute imposes the tax, but that does not constitute a debt in the ordinary sense; it is rather a liability to a debt; there remains to be determined that the estate is taxable, only estates in excess of $50,000 being subject to the tax, and the amount of the tax, before an indebtedness can be said to have accrued and be payable. And if the liability to a tax could be called a debt it would not be material here. The material fact is when was the debt due and payable.

The words " paid or accrued " in section 360 of the Tax Law (as amd. *supra*), known as the State Income Tax Law, are used because a taxpayer may keep his books for tax purposes on a cash or accrual basis and he may make his return for the tax on the basis he has adopted. (Tax Law, § 358, added by Laws of 1919, chap. 627, as amd. by Laws of 1921, chap. 477.) The word " accrued " means " matured; " that is, subject to and fixed for payment. A tax cannot be considered to have accrued until it is assessed and the amount required to be paid is determined. The taxpayer cannot control the assessing officers; if they delay the fixing of its amount, can he thereby be deprived of his right to deduct it in his income tax return of the year in which he is required to pay it? We think not. We have not here an unpaid liability carried to a subsequent year; nor any cumulating of " arrears of taxes " to reduce the income tax in some later year. This tax could not have been paid earlier; it could not at an earlier date have been entered as a liability. The executors, who have in no sense delayed payment of an indebtedness which had accrued and could have been paid in a previous year, were required in 1922 to pay this Federal tax assessed that year. In our view, without disregarding any regulation of the State Tax Commission and within the meaning of the Tax Law (§ 360, as amd. *supra*), the deduction should be allowed.

The determination should be annulled and the matter remitted to the State Tax Commission for the purpose of computing the tax in accord with this opinion.

All concur.

Determination annulled, with fifty dollars costs and disbursements, and matter remitted to the State Tax Commission for the purpose of computing tax in accordance with the opinion.