ALMA P. HARVEY, as Ancillary Executrix of GEORGE HARVEY, Deceased, Respondent, *v.* GUARANTY TRUST COMPANY OF NEW YORK, Appellant, Impleaded with Others.

(Argued January 12, 1931; decided March 24, 1931.)

*Royal E. T. Riggs* for appellant.
*Alexander S. Andrews* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, KELLOGG, O'BRIEN and HUBBS, JJ. Dissenting: CRANE, J. Not sitting: LEHMAN, J.

CRANE, J. (dissenting). George Harvey is claimed to have loaned the Atlantic Coast Electric Railroad Corporation $15,000, for which he took, among others, nineteen bonds of the Atlantic Coast Electric Light Company, a separate and distinct corporation. The indebtedness was evidenced by a note of the railroad dated September 14, 1901.

The light company received none of the consideration, and being a public utility company, it was not only against the law, but contrary to public policy to issue its bonds as security or collateral for the debts of a railroad company. These facts were all known to Harvey, who was president of the railroad company. His subsequent action conclusively proved that he knew there was no consideration for these bonds. The fact that the railroad company owned all the stock of the light company did not wipe out all rules of corporate responsibility or permit the officers to use the funds of either company as if there were but one corporation. The stockholders of the railroad company, as owners of the stock of the light company, never authorized the disposition of the light company's assets in this fashion, even if they had power to do so, which, in my judgment, they did not have.

In 1902 Buchanan and Smock brought action against Harvey and others to declare the bonds held by them, including these here in question, to have been an illegal issue, without consideration, and void. Harvey defaulted, failed to answer the bill of complaint, and for a period of twenty-one or twenty-two years thereafter made no claim whatever on the bonds. He did not even present the coupons to the trustee for payment, although he knew that interest was being paid on the legal bonded indebtedness of the light company. Although the railroad company went into the hands of a receiver in 1902 and its property was sold at foreclosure, no claim was made by Harvey in such receivership on his alleged indebtedness, nor did he thereafter make any attempt to collect on his collateral, as any intelligent man would have done. All concede George Harvey was intelligent.

The claim is now made that these bonds are valid outstanding obligations of the light company binding upon its successors, and that the Guaranty Trust Company of New York, the trustee, is liable for breach of duty in having treated them as spurious.

The trust company, in my judgment, was right, and the judgment recovered against it should be reversed, and the complaint dismissed as to the nineteen bonds and coupons.

Judgment affirmed.