THE DELAWARE AND HUDSON COMPANY, Respondent, *v.* THE MECHANICVILLE AND FORT EDWARD RAILROAD COMPANY, Defendant, and BOSTON AND MAINE RAILROAD, Appellant.

(Argued May 27, 1935; decided July 11, 1935.)

*Robert E. Whalen* for appellant. The plaintiff is not a creditor of the Mechanicville and Fort Edward Railroad Company. (*Greenleaf* v. *B., F. & C. I. Ry. Co.*, 141 N. Y. 395; *Archibald* v. *N. Y. C. & H. R. R. R. Co.*, 157 N. Y. 574; *Homestead Co.* v. *Valley R. R.*, 17 Wall. 153; *National Bank of Ballston Spa* v. *Bd. of Supervisors*, 106 N. Y. 488; *Koehler* v. *Hughes*, 4 Misc. Rep. 236; 73 Hun, 167; 148 N. Y. 507; *City of Albany* v. *McNamara*, 117 N. Y. 168; *Title Guaranty & Trust Co.* v. *Haven*, 196 N. Y. 487.) The plaintiff's claim for moneys advanced to the Mechanicville and Fort Edward Railroad Company is both stale and barred by the statutes of limitation. (*Matter of Neilley*, 95 N. Y. 382; *Calhoun* v. *Millard*, 121 N. Y. 69; *McKechnie* v. *McKechnie*, 3 App. Div. 91; *Matter of Straut*, 126 N. Y. 201; *Town of Mount Morris* v. *King*, 8 App. Div. 495; 158 N. Y. 450; *Kellogg* v. *Kellogg*, 169 App. Div. 395; 224 N. Y. 597; *Fletcher* v. *Manhattan L. Ins. Co.*, 204 App. Div. 814; 236 N. Y. 671.)

*Joseph Rosch* and *J. L. FitzGerald* for respondent. This dissolution action was properly instituted and maintained. (General Corporation Law, §§ 71, 72; Cons. Laws, ch. 23.) The plaintiff is a creditor of the Mechanicville and Fort Edward Railroad Company. (*Marstaller* v. *Mills*, 143 N. Y. 398.)

LEHMAN, J. In an action brought pursuant to the provisions of section 71 of the General Corporation Law (Cons. Laws, ch. 23) by Delaware and Hudson Company, claiming to be a stockholder or creditor of Mechanicville and Fort Edward Railroad Company, to obtain a judgment dissolving that corporation and appointing a permanent receiver of its property, Boston and Maine Railroad, though not a necessary party to the action, has been

permitted to appear in the action " with all such rights and privileges as can be granted to any party to a litigation in a court of record." The circumstances which dictated the grant of such permission have been outlined in our opinion in *Boston & Maine Railroad* v. *Delaware & Hudson Co.* (268 N. Y. 382). It has interposed an answer in which it specifically alleges " that the Mechanicville and Fort Edward Railroad Company is not a corporation," and also, " that the claims of plaintiff for and on account of money paid out, invested for and disbursed in behalf and on account of the Mechanicville and Fort Edward Railroad Company are stale, in that the last item thereof was so paid out, invested and disbursed by plaintiff in the year 1886." It now appeals from the judgment in favor of the plaintiff in the dissolution action.

If the judgment stands, the receiver will have capacity to bring an action to obtain possession of real property occupied by Boston and Maine, though in a prior action of ejectment brought by Mechanicville and Fort Edward Railroad Company, judgment was rendered dismissing the complaint upon the merits and adjudging among other things that Mechanicville and Fort Edward Railroad Company " has not the legal capacity to sue." That is the only interest of the Boston and Maine Railroad in attacking the judgment of dissolution.

Delaware and Hudson Company was not a party to the earlier ejectment action, but we assume in this case that it so completely directed and controlled the action that it is bound by the judgment which was rendered therein to the same extent as the plaintiff therein named. In that action it was decided that, long prior to the bringing of the action, the corporate existence and powers of the Mechanicville and Fort Edward Railroad Company had been terminated and that it had no capacity to sue. That company was organized under the provisions of the Laws of 1850, chapter 140, and Laws of 1876, chapter 446. It never constructed or operated a railroad. The Legis-

lature has provided that if a railroad corporation organized under the Laws of 1850 " shall not finish its road and put it in operation in ten years from the time of filing its articles of association, as aforesaid, its corporate existence and powers shall cease." (Laws of 1867, ch. 775.) In the ejectment action the court stated in its opinion: '' This provision of the statute is self-operating; by failing to comply with this provision of the statute the corporation became extinct and no judgment or order of the court is required to accomplish a forfeiture of all its corporate rights and powers." (103 Misc. Rep. 46, 51.) Therefore, the court found that in 1916 Mechanicville and Fort Edward Railroad Company was not a corporation.

It is said that this finding established the status of Mechanicville and Fort Edward Railroad Company. It was, in fact, only a finding of fact as to an alleged existing status and not a decision in an action *in rem* to establish a status. As such it was binding, if at all, only as between the parties to the action. (3 Freeman on the Law of Judgments [5th ed.], § 1421.) Moreover, the only issue in that action in regard to the status of Mechanicville and Fort Edward Railroad Company concerned the question of whether that company was then without capacity to sue. The judgment that it was without capacity to sue is, of course, binding upon the same parties in any action where that issue might arise. A finding that, in other respects also, the plaintiff was without corporate capacity, or even life, was not in issue, and certainly could not be binding in an action *in rem* to which the defendant in the ejectment action is not a necessary party.

Even so, it is undisputed that Mechanicville and Fort Edward Railroad Company did fail to finish the construction of a railroad and to put it in operation within the time allowed by law, and the Legislature has decreed that thereupon its " corporate existence and powers shall cease." It has been held that by such language the Legislature intended to provide that extinction of cor-

porate existence and powers shall result directly from failure to comply with the conditions imposed, even though no sentence of death be issued by a court. (*Matter of Brooklyn, Winfield & Newtown Ry. Co.*, 72 N. Y. 245.) It did not thereafter have capacity to sue, for capacity to sue is derived from legislative grant of corporate powers.

The question then arises whether an action may be maintained under the provisions of section 71 of the General Corporation Law to procure a judgment " dissolving " a corporation which is even then without corporate existence. We think that the Legislature so intended. We are not now concerned with legal dialectics but with practical administration of law. Even after corporate life is extinct, some remains are left which must be disposed of in orderly fashion. The property which belonged to the corporation is not forfeited to the State. As in case of corporate dissolution by decree of the court, the property must be used for the payment of debts, and if there is a surplus it should be divided among the stockholders. We may assume that the Legislature intended that no other disposition should be made of the property and that some person duly appointed for that purpose by the court should have capacity to sue for property wrongfully withheld. Thus a judgment of dissolution and the appointment of a receiver of a corporation is not inconsistent with the view that even before dissolution of the corporation by judicial decree, both corporate right to exist and corporate powers had ceased. Indeed, resort to the provisions of section 71 is the orderly method of administering the affairs of the corporation after corporate life and powers are extinguished, and it seems plain that the Legislature so intended.

Finally, it is urged that The Delaware and Hudson Company is not a stockholder or a creditor entitled to bring an action for dissolution. We need not now determine whether it is a stockholder. The courts below

have held only that it is a creditor. It showed that it advanced moneys to the Mechanicville and Fort Edward Railroad Company for its corporate purposes. It did so without intent to make a gift to the corporation. It undoubtedly expected reimbursement by payment of money or by issue of stock. Perhaps no definite promise was made by duly authorized corporate officers. The evidence shows that corporate forms were disregarded and the corporation treated as if it were a department of the Delaware and Hudson Company. None the less, the corporate entity existed and acquired title to the moneys contributed by Delaware & Hudson Company and used those moneys for corporate purposes. So long as it had corporate life it could not retain the fruits of the moneys contributed by Delaware and Hudson Company without obligation to restore the moneys. Otherwise there would be unjust enrichment. Thus a debt was then created, and the successor in title to the property of the debtor must pay the debt. True, perhaps, as to the larger part of the debt, claim for payment might perhaps be defeated by the defense of the Statute of Limitations; but only the corporation or its receiver in an appropriate action can interpose such a defense. We do not now decide whether the Statute of Limitations could be interposed in this dissolution action by any party to that action. Sufficient now that it cannot be interposed by Boston & Maine Railroad, which has no interest of any kind in the corporation whose life is ended.

The judgment should be affirmed, with costs.

CRANE, Ch. J., O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment affirmed.