In the Matter of Supplementary Proceedings: F. E. COMPTON & COMPANY, Judgment Creditor, Respondent, *v.* EDNA T. WILLIAMS, Judgment Debtor, Appellant.

In the Matter of the Application of F. E. COMPTON & COMPANY, Judgment Creditor, Respondent, against EDNA T. WILLIAMS, Judgment Debtor, Appellant.

Fourth Department, November 6, 1936.

*William L. Clay,* for the appellant.

*Milton L. Grossman,* for the respondent.

EDGCOMB, J.   We are called upon to review two orders of the County Court of Monroe county.   The first directs the appellant debtor to pay three dollars a week to apply upon a judgment against her, until the same is fully paid.   The second adjudges appellant guilty of contempt of court in willfully and deliberately failing to comply with the terms of the first order, and directs her, within twenty days, to pay to the judgment creditor fifty-seven dollars, the accrued weekly payments called for by the first order, and the balance of the judgment at the rate of three dollars per week.

Sweeping reforms in the remedies given to a judgment creditor to enforce payment of his judgment have been adopted from time to time since the passage of the Code of Procedure in 1848. After an exhaustive study of this subject, together with many others, the Commission on the Administration of Justice, a body created to investigate and collect facts relating to the manner in which justice was administered in this State, made a report to the Legislature in 1934, in which attention was called to the large number of money judgments which were never paid (seventy-five per cent is the estimate), and to the need of a complete overhauling and simplification of the practice relating to such collections in order to make it more efficient. As a result of the research and study of this Commission, together with that of the bench and bar, and in compliance with a universal demand for a revision of the law so as to meet modern needs, and enable judgment creditors to force recalcitrant debtors to pay their obligations, if they had the means or ability so to do, the Legislature enacted chapter 630 of the Laws of 1935, which repealed former article 45 of the Civil Practice Act, and adopted in its place the present article 45. Among the innovations of the new act is section 793, which provides a simple remedy by which a judgment creditor can reach the property of his debtor, not exempt from execution, and have it applied to the satisfaction of his judgment. This section gives the court authority to order a judgment debtor to pay to the judgment creditor in installments a portion of his income, however or whenever earned or acquired, due regard being had for the reasonable requirements of the debtor and his family, if dependent upon him, and for any payments required to be made by the debtor to other creditors under sections 684 and 685 of the Civil Practice Act, or any prior order of the court. It is under the power derived from this section that the first order appealed from was made.

Later in the act (section 801) the court is authorized to punish for contempt one who refuses, or without sufficient excuse neglects, to obey such a mandate. Without such, or other adequate provision, an order issued pursuant to section 793 would be useless and impotent. The court in making the second order acted pursuant to the authority thus conferred upon it.

The judgment debtor attacks the first order, and asks that it be reversed for three reasons: (1) That since section 793 did not become effective until September 1, 1935, nine days after the judgment had been perfected and entered, the remedial aspects of the section are not available to the judgment creditor; (2) that the act is unconstitutional; (3) that there was not sufficient evidence before the court to warrant the granting of the order.

The proceeding which finally resulted in the orders appealed from was instituted after September 1, 1935. We think that the statute was retroactive, and applied to judgments in existence prior to its effective date.

Procedural changes constitute an exception to the general rule that an act will be construed as prospective only unless there is a clear expression of legislative intent to the contrary. The Legislature has the power to alter, modify or change the remedies given to a party to enforce an obligation, and unless it is apparent from the language of the statute that the law-making body intended otherwise, a change in procedure will be held to apply to pending actions or proceedings. (*Laird* v. *Carton*, 196 N. Y. 169; *Matter of Davis*, 149 id. 539, 545; *Christiano* v. *Christiano*, 204 App. Div. 47, 49.)

Prior to the enactment of the present statute, a procedure existed whereby debtors could be examined in proceedings supplementary to execution, and methods were provided for reaching any property which they had, which was not exempt from levy under an execution. The present law simply enlarges and amplifies the old practice, and introduces innovations in the proceedings by which a creditor can more easily discover and reach property of his debtor. This is not the case where, before the present statute, no remedy whatever existed.

In *National City Bank of New York* v. *Clarke* (246 App. Div. 636) the procedure authorized by section 793 of the Civil Practice Act was held to apply to a judgment entered prior to the effective date of the statute. While the memorandum decision in that case does not mention the retrospective aspect of the section, an examination of the briefs on appeal discloses the fact that the question was squarely raised and briefed at length.

It is unnecessary to enter into any lengthy discussion of the second objection of the appellant. The section in question does not take one's property without due process of law. The debtor is given his day in court before any judgment is ever entered against him, and when that is done his property, whatever it is, outside of that exempt from levy and sale under execution, is amenable to the payment of the indebtedness. In making an order under section 793, the court is required to take into account the amount of the debtor's earnings or income, his reasonable requirements, and those of his family if dependent upon him, and any payments which he is required to make to other debtors. He is given his day in court before such an order is granted. His constitutional rights are safeguarded all along the line. He certainly has no right, legal or moral, to possess and enjoy property, and refuse to apply it to the payment of his adjudicated indebtedness.

Nor can the statute, when construed to apply to the judgment in question, be claimed to be violative of the fundamental law of the land. It is not all retrospective laws which are forbidden by section 10 of article I of the Federal Constitution, but only such as impair the obligation of a contract. There is a broad distinction between a law which comes within this category, and one which simply gives a more effective remedy than the one which already exists to enforce an obligation. (*Brearley School* v. *Ward*, 201 N. Y. 358; *Laird* v. *Carton*, 196 id. 169; *Persons* v. *Gardner*, 42 App. Div. 490, 497; *Bernheimer* v. *Converse*, 206 U. S. 516.)

No one has a vested right in any remedy granted by the Legislature which will enable him to successfully resist a reasonable modification of such remedy, or the substitution of a new and improved one in its place.

No property of the judgment debtor, which was not applicable to the payment of the judgment at the time it was entered, has been taken from her by this order. Her contract rights have not been impaired. The Legislature, by the passage of this act, did not create any new substantive rights or impose any new correlated liabilities.

This brings us to the third objection raised by the appellant, viz., that there were not sufficient facts before the court to warrant the relief granted.

Appellant has been examined, pursuant to the provisions of section 775 of the Civil Practice Act, and that examination was before the court when the order appealed from was made. She had testified that she was a dressmaker, and had an income varying from nothing to twenty dollars or twenty-five dollars per week; that she was a married woman, and that her husband usually gave her twenty dollars a week for household expenses. She filed no affidavit, and made no attempt to show that she could not pay three dollars a week to apply upon her indebtedness to respondent. She did not ask that any further proof be taken. It does not appear that she was required to make payments on any other judgment. She had no family dependent upon her for support; her husband was supporting her. We fail to see where any injustice has been done her.

The court was amply justified in ordering appellant to pay three dollars a week out of her income to apply upon this judgment. No good reason exists for remitting the matter for additional proof. The judgment was for only seventy-three dollars and sixty-two cents, and it may not be out of place to suggest that if the cost of this appeal had been applied upon her indebtedness the judgment would now be discharged, and this proceeding ended.

The order, however, must be modified in one particular. The payments called for by section 793 of the Civil Practice Act are to be made from the income of the judgment debtor. If he has no income, there is no authority in this section to direct him to pay any specified amount to his creditor. The reason for this is clear. If he refuses, or without good reason neglects to make the payments as ordered, he is liable to be punished for contempt of court. If directed to pay the installments out of his income, and he has no income during certain periods, by failing to make his payments on such occasions he does not disobey the mandate of the court, and cannot be punished for contempt.

Some may say that such a provision in the order will give a judgment debtor an excuse to evade the direction of the court, and render ineffective the remedy afforded the creditor. Undoubtedly occasions will arise when subterfuge and equivocation will be resorted to by unscrupulous debtors to escape the requirements of the order, but such tactics cannot long succeed. Undoubtedly the burden of showing that the debtor, who fails to pay as directed, is unable so to do because he has no income out of which to pay the installment due, rests upon the debtor himself. He should be made to establish that fact to the satisfaction of the court.

The first order appealed from must, therefore, be modified so as to provide for the payment of three dollars per week out of the appellant's income.

This conclusion necessitates the reversal of the second order. Appellant can hardly be punished for contempt in failing to obey an order which is improper in form, and which must be modified in a material respect.

For the reasons stated the first order should be modified as indicated, and as modified affirmed, without costs. The second order should be reversed, without costs.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order of April 22, 1936, modified in accordance with the opinion, and as modified affirmed, without costs. Order of August 29, 1936, reversed on the law, without costs.