WILNER FRIENDS CREDIT ASSN., INC., Judgment Creditor, *v.* BENJAMIN SCHEFFRES, Judgment Debtor.

City Court of New York, Special Term, Kings County, February 2, 1941.

*Harold Mortimer Brown,* for the judgment creditor.

*Joseph F. Finkelstein,* for the judgment debtor.

LIVINGSTON, J.   This is an application by the judgment creditor for the appointment of a receiver.   It is opposed on the ground that the judgment creditor is a corporation which was dissolved prior to the institution of these proceedings by a proclamation issued pursuant to section 203-a of the Tax Law and that under this section, dissolved corporations could wind up their affairs, including the collection of their debts, only pursuant to the method outlined in section 106 of the Stock Corporation Law.

Whatever doubt existed at one time concerning the effect of a dissolution before March 2, 1940, under section 203-a of the Tax Law was put at rest by the decision in *Matter of Eisenstadt, Inc.,* v. *Heffernan* (256 App. Div. 488; affd., 283 N. Y. 578).

On March 2, 1940, after the decision in the *Eisenstadt* case by the Appellate Division for the First Department, section 203-a of the Tax Law was amended by providing as follows in subdivision 10 thereof: " The provisions of section twenty-nine of the general corporation law shall apply to a dissolution under this section." The act took effect immediately.   (Laws of 1940, chap. 82.)

The question, therefore, arises whether this statute applies to the creditor corporation in this proceeding, it having been dissolved prior to the aforementioned amendment.   If the amendment does not apply to it, this proceeding must be dismissed and the creditor corporation remitted to its rights under section 106 of the Stock Corporation Law.   If the amendment does apply, this motion should be granted.

It is plain that if the amending statute creates a new cause of action or substantive rights where none existed before the effective date of the act, it cannot apply to a state of facts occurring before March 2, 1940.   (*Jacobus* v. *Colgate*, 217 N. Y. 235.)   If, however, it merely affects the procedure or remedies for the collection or enforcement of previously existing rights, it may be held to apply to the creditor corporation in this proceeding.. (*Compton & Co.* v. *Williams*, 248 App. Div. 545.)   To my mind, the statute is one which merely provides a different method of winding up and administering the affairs of dissolved corporations   It creates no causes of action and deprives no one of property.

I reach this conclusion because it appears to be well settled that when a corporation is dissolved, its assets do not vanish and its debtors are not absolved or released.   (*Delaware & H. Co.* v. *M. & F. E. R. R. Co.*, 268 N. Y. 394, 398; *Shayne* v. *Evening Post Publishing Co.*, 168 id. 70; *MacAffer* v. *Boston & Maine Railroad*, 268 id. 400, 406.)

The amending statute merely gives the dissolved corporation the right to wind up its affairs for the benefit of stockholders and

creditors in the manner uniformly applied to other stock corporations.

Moreover, no practical reason appears to require a holding that the Legislature intended that corporations dissolved prior to March 2, 1940, were to follow the procedure outlined in section 106 of the Stock Corporation Law and that corporations dissolved after that date were to be controlled by section 29 of the General Corporation Law.

In reaching this conclusion, I am fully aware of the decision to the contrary made by another justice of this court in *Hub Commercial Co., Inc.*, v. *Rosenblum* (21 N. Y. Supp. [2d] 426). However, the reasons which I have stated above compel me to most respectfully disagree with that result.

The motion is, accordingly, in all respects granted. Submit order.