THE PEOPLE OF THE STATE OF NEW YORK ex rel. EQUITABLE HOLDING CORPORATION, Respondent, *v.* MARK GRAVES and Others, Constituting the Tax Commission of the State of New York, Appellants.*

Third Department, March 4, 1942.

* Affg. 176 Misc. 327.

*John J. Bennett, Jr., Attorney-General* [*Wendell P. Brown* and *John C. Crary, Jr., Assistant Attorneys-General,* of counsel], for the appellants.

*Alfred T. Davison* [*Orrin G. Judd, Frederick H. Torp* and *Alfred T. Davison* of counsel], for the respondent.

HEFFERNAN, J.  This proceeding is one in the nature of mandamus under article 78 of the Civil Practice Act. The Albany Special Term of the Supreme Court directed appellants to hear and determine the petitioner's application for revision of franchise taxes for the franchise tax year beginning November 1, 1938, upon the application for such revision filed October 8, 1940. From that order appellants have come to this court.

Article 9-A of the Tax Law imposes an annual franchise tax upon business corporations. Returns are required to be made before May fifteenth covering the fiscal year. One-half of the tax is payable at that time and the remainder on or before January first, following.

On May 15, 1938, petitioner filed with the State Tax Commission its return under article 9-A of the Tax Law and paid the tax shown to be due. The return was audited and notice of assessment given on October 10, 1938. At the time of filing the return and payment of the tax and at the time of its audit section 218 of the Tax Law provided that an application for revision must be filed with the Tax Commission within one year from the time the account shall have been audited.

By chapter 183 of the Laws of 1940, effective March 16, 1940, section 218 was amended by substituting two years for one as the time allowed for filing an application for revision. On October 8, 1940, petitioner filed its application for revision and claimed that it was properly taxable as an investment trust rather than as a business corporation. The sole question presented here is whether the application for revision was timely.

Appellants contend that in view of the fact that no application for review was made within one year from the time the account was audited, the assessment has become final and no longer subject to review.

It is conceded that petitioner was entitled to an investment trust classification under section 214-b of the Tax Law for the year beginning November 1, 1939. The only reason advanced by appellants for not making a similar classification for the year beginning November 1, 1938, is that the right to reclassification was barred prior to March 16, 1940, when the amendment to section 218 of the Tax Law became effective.

The general rule is that statutes are to be construed as prospective only, but " changes of procedure  *  *  *  constitute an exception." (*Jacobus* v. *Colgate*, 217 N. Y. 235.)

We think petitioner's application was timely made and that the statute in effect at the time revision was sought governs. (*Matter of Montgomery* v. *Seneca I. & S. Co.*, 236 App. Div. 19.)

It is well settled that the Legislature has power to alter, modify or change the remedies given to a party to enforce an obligation; and unless it is apparent from the language of the statute that the law-making body intended otherwise, a change in procedure will be held to apply to pending actions or proceedings. (*Laird* v. *Carton*, 196 N. Y. 169; *Matter of Davis*, 149 id. 539; *Compton & Co.* v. *Williams*, 248 App. Div. 545.) " No right is destroyed when the law restores a remedy which had been lost." (*Campbell* v. *Holt*, 115 U. S. 620.) In *Moore Ice Cream Co.* v. *Rose* (289 U. S. 373) the rule is recognized that a remedial procedural statute intended for the benefit of a taxpayer should be construed so as to permit recovery even where no right of recovery existed before the statute.

The statute before us is remedial and it must be liberally construed in favor of the taxpayer for whom relief is intended. Well-established principles of statutory construction require that a tax law shall be strictly construed against the State and in favor of the taxpayer. (*People ex rel. Seligman* v. *Gilchrist*, 215 App. Div. 166; *People ex rel. Fifth Avenue B. Co.* v. *Williams*, 198 N. Y. 238.)

Giving this statute the liberal construction to which we think it is entitled we believe that the Legislature intended to provide a remedy by revision in all cases where the application is made within two years of the audit and that the amendment operates to extend the time to two years as to the audit before us.

The order appealed from should, therefore, be affirmed, with fifty dollars costs and disbursements.

HILL, P. J., CRAPSER, SCHENCK and FOSTER, JJ., concur.

Order unanimously affirmed, with fifty dollars costs and disbursements.