E. P. LAWSON Co., INC., Plaintiff, *v.* ROLLIN BROWNE et al., Constituting the State Tax Commission, Defendants.

Supreme Court, Special Term, New York County, August 20, 1943.

*Nathaniel L. Goldstein, Attorney-General,* for defendants.

*Schulkind & Maron* for plaintiff.

PECK, J. This is an action against the State Tax Commission, commenced on February 25, 1943, seeking a declaratory judgment that section 214-a of the Tax Law is inapplicable to this plaintiff and that the defendants may not levy a tax upon plaintiff pursuant to said section. The defendants move for judgment dismissing the complaint on the ground that the complaint does not state facts sufficient to constitute a cause of action and on the ground that the court does not have jurisdiction of the subject matter of the action. The motion is based on the 1943 amendment to section 219 of the Tax Law, effective April 13, 1943 (L. 1943, ch. 424), which the defendants contend should be given a retroactive effect and applied to defeat the plaintiff's action commenced before the enactment of the amendment.

Section 214-a of the Tax Law is part of article 9-A of the Law, relating to franchise taxes on business corporations, and section 219 provides a method for judicial review of determinations of the Tax Commission by certiorari. The 1943 amendment to section 219 provides: " The remedy provided by this section

for review of a determination of the tax commission shall be the exclusive remedy available to any taxpayer to judicially determine the liability of such taxpayer for taxes under this article.''

Until this amendment an action for a declaratory judgment was an accepted alternative method of judicially determining the liability of a taxpayer under this article. Defendants contend that the amendment not only abolished the method of judicial determination by declaratory judgment prospectively but also that the amendment is retrospective and destroys plaintiff's previously instituted action for a declaratory judgment.

The defendants agree that the generally accepted rule of statutory construction is that all statutes are presumed to furnish a rule for future action only and will not be given a retroactive construction unless the language, either expressly or by necessary implication, requires that a retroactive effect be given to the statute. The defendants urge the exception to the rule, however, that statutes or amendments affecting procedure will be considered to apply to pending actions unless the language indicates a contrary intention. (McKinney's Cons. Laws of N. Y., Book 1, § 55.) The defendants then argue that the amendment to section 219 of the Tax Law is procedural and, therefore, retroactive.

The cases relied upon by the defendants do hold that a change in procedure will be held to apply to pending actions and proceedings. (*People ex rel. Equitable Holding Corp.* v. *Graves,* 263 App. Div. 468; *Matter of Davis,* 149 N. Y. 539; *Compton & Co.* v. *Williams,* 248 App. Div. 545.) It is one thing, however, to hold that a pending action will in its future course be governed by new procedure enacted during the pendency of the action and quite another thing to hold that an amendment will operate to wipe out previously instituted and pending actions. Whether the amendment be called procedural or not we should regard the effect of retroactivity before we hold the amendment retroactive by construction. (*Matter of Berkovitz* v. *Arbib & Houlberg, Inc.,* 230 N. Y. 261, 270.) As Judge CARDOZO there said: '' A different problem arises when proceedings are already pending. There is then a distinction to be noted. The change is applicable even then if directed to the litigation in future steps and stages [citing cases]. It is inapplicable, unless in exceptional conditions, where the effect is to reach backward, and nullify by relation the things already done [citing cases].''

The effect here is not to accommodate the pending action to a new procedure but is to eliminate the pending action altogether. This action has been pending for several months. It was brought in pursuance of an accepted method of obtaining a judicial determination of tax liability. An action of such standing should not be quashed and the plaintiff required to start over again on what to it at least is a more burdensome and less expeditious course for determining tax liability, without a clear showing that such was the Legislature's intention in enacting the amendment. It would not seem permissible to reach that result by judicial construction. Motion to dismiss the complaint denied.