Walden Home Builders, Inc., Appellant, v. Frank Schmit and Frank J. Kane, Trading as Great Northern Plumbing and Heating Supply Company et al., Defendants. Frank Schmit et al., Appellees.

Gen. No. 43,318.

Heard in the first division of this court for the first district at the February term, 1945. Opinion filed June 25, 1945. Released for publication July 19, 1945.

SAMUEL G. RAUTBORD, of Chicago, for appellant; IRWIN S. BASKES, of Chicago, of counsel.

J. THOMAS MOORE, of Chicago, for appellees; HAROLD J. FINDER, of Chicago, of counsel.

MR. JUSTICE NIEMEYER delivered the opinion of the court.

Plaintiff appeals from an order dismissing its action for want of capacity to sue because of its dissolution by a decree of the superior court of Cook county entered in a proceeding brought by the attorney general.

The action was commenced May 22, 1942 by the filing of a praecipe and statement of claim and issuance of summons. Service was not had upon the defendants involved in the appeal until June 27, 1942. The complaint alleged that at the time of the transaction sued upon the plaintiff was an Illinois corpora-

tion, and thereafter on May 24, 1940 was dissolved by decree of court; that on or about April 7, 1937 plaintiff paid to defendants $2,640, in consideration whereof defendants in writing agreed to furnish to plaintiff certain boilers, pipe fitting, radiation and valves complete for heating six buildings; that none of the materials so contracted for was delivered to plaintiff and that defendants retained and converted to their own use the money paid them by plaintiff. Defendants, after filing an answer, withdrew it by leave of court and filed a motion to dismiss the action upon the ground that to give the court jurisdiction "it became necessary for plaintiff to file suit and cause service of process to be had upon the defendants within two years from its corporate dissolution on May 24, 1940, in compliance with the statutory provision of the State of Illinois then in force and effect" (Ill. Rev. Stat. 1939, ch. 32, par. 157.94 [Jones Ill. Stats. Ann. 32.096]), providing that the dissolution of a corporation "shall not take away or impair any remedy given against such corporation, its directors, or shareholders, for any liability incurred prior to such dissolution if suit thereon is brought and service of process had within two years after the date of such dissolution." By stipulation the motion to dismiss was heard before three judges of the trial court, who concurred in the entry of the order sustaining the motion and dismissing the action as to the defendants.

██ No transcript of proceedings was filed. The record contains what purports to be a letter from the secretary of state of Illinois, and franchise tax receipts for the years 1939 through 1944; also a certified copy of a decree of the superior court of Cook county entered June 30, 1944 vacating the prior decree of dissolution of plaintiff. Defendants have moved to strike these papers from the record. Plaintiff's counsel attempt to show by affidavit that they were considered

by the court in determination of the motion to dismiss, and should be considered as an answer to defendants' motion. There is nothing in the record from which any inference can be drawn that these papers were filed as an answer or part of an answer, and, if considered by the trial court as evidence, such evidence should have been preserved by transcript of proceedings certified by the trial court. The motion to strike is allowed. The record properly before us is entirely devoid of anything showing why the plaintiff corporation was dissolved, and there is therefore no basis for defendants' contention, not raised in their motion to dismiss, that plaintiff could not sue because of failure to pay its franchise tax. ·

Plaintiff contends that the court erred in sustaining defendants' motion because in 1941, section 94 of the Corporation Act was amended to preserve to a corporation rights of action in its name if commenced within two years from its dissolution, and that this amendment applied to corporations dissolved prior to its enactment. Defendants ''contend that the amendment is not retroactive, and point out that the legislature did not intend to make it retroactive because to have done so would have made the amendment unconstitutional.'' At the time of plaintiff's dissolution there was no statute preserving any remedies on behalf of a dissolved corporation. Section 94, relied upon by defendants in their motion to dismiss, had no relation to actions by or in behalf of a dissolved corporation. It purported only to preserve remedies against the corporation, its directors and stockholders. Taking the complaint as true, as we must on the motion to dismiss, plaintiff had a meritorious cause of action, and defendants were indebted to it prior to its dissolution. This liability of the defendants did not terminate with the dissolution of the corporation, for in the absence of statutory provi-

sion creditors and stockholders of a dissolved corporation may bring suit in equity to recover corporate assets. *Wheeler v. Pullman Iron & Steel Co.,* 143 Ill. 197, 204; *Shayne v. Evening Post Pub. Co.,* 168 N. Y. 70; 13 Am. Jur., Corporations, § 1352, p. 1197. The amendment of 1941, therefore, did not create a new liability or cause of action against the defendants. It did not revive a cause of action which had lapsed, as in the case of *Board of Education Normal School Dist. v. Blodgett,* 155 Ill. 441, cited by defendants. The amendment related solely to the remedy to enforce a liability against defendants which had never ceased to exist. A similar question arose in the case of *Wilner Friends Credit Ass'n v. Scheffres,* 175 Misc. 909, 25 N. Y. S. (2d) 664. In that case plaintiff corporation had been dissolved under the provisions of sec. 203–a of the Tax Law, which provided that dissolved corporations could wind up their affairs, including the collection of their debts, only pursuant to the method outlined in sec. 106·of the Stock Corporation Law; on March 2, 1940, subsequent to the dissolution of plaintiff and prior to the institution of the suit, sec. 203–a of the Tax Law was amended by providing that sec. 29 of the General Corporation Law should apply to a dissolution of a corporation under sec. 203–a. In holding that the amendment was retroactive and that the benefits thereunder were available to the plaintiff corporation, the court said: "It is plain that if the amending statute creates a new cause of action or substantive rights where none existed before the effective date of the Act, it cannot apply to a state of facts occurring before March 2, 1940. *Jacobus v. Colgate,* 217 N. Y. 235, 111 N. E. 837, Ann. Cas. 1917 E, 369. If, however, it merely affects the procedure or remedies for the collection or enforcement of previously existing rights, it may be held to apply to the creditor corporation in this proceeding. *Compton & Co. v. Williams,* 248 App. **Div.** 545, 290 N. Y. S. 984. To my mind, the statute is one

which merely provides a different method of winding up and administering the affairs of dissolved corporations. It creates no causes of action and deprives no one of property. I reach this conclusion because it appears to be well settled that when a corporation is dissolved, its assets do not vanish and its debtors are not absolved or released. *Delaware & Hudson Co. v. Mechanicville & Fort Edward R. Co.*, 268 N. Y. 394, 398, 197 N. E. 325; *Shayne v. Evening Post Publishing Co.*, 168 N. Y. 70, 61 N. E. 115, 55 L. R. A. 777, 85 Am. St. Rep. 654; and *MacAffer v. Boston & Maine Railroad*, 268 N. Y. 400, 406, 197 N. E. 328.'' *Stockholders of Peoples Banking Co. of Smithsburg, Md. v. Sterling*, 300 U. S. 175, involved the liability of stockholders of the banking corporation under the constitution and statutes of the State of Maryland; at the time the bank in question was organized and certain stockholders acquired their stock, every creditor of the corporation had an action for his individual use and not as a class representative against the holders of the shares of an insolvent bank; later, by statutory enactment, the cause of action formerly enforceable by the creditors separately, each suing for himself, became enforceable only by the receiver, assignee or trustee of the bank as the representative of all creditors. It was held that the change did not impair the obligation of the contract between the corporation and the stockholders in contravention of the provisions of the constitution of the United States, because the changes were ''directed to the implementing remedies rather than the substantive liability . . . '' To like effect are *Crawford v. Branch Bank of Mobile*, 7 How. (U. S.) 279, and *Stein v. Indianapolis, Bldg. Loan Fund & Savings Ass'n*, 18 Ind. 237, where new parties plaintiff were given right of action as to existing liabilities of the defendant.

The 1941 amendment, preserving right of action in the corporation for claims existing at its dissolution, merely simplified proceedings and created no new lia-

bilities against debtors of the corporation. There could be only one recovery and no rights of the defendants were impaired. ''No one has a vested right in any remedy granted by the Legislature which will enable him to successfully resist a reasonable modification of such remedy, or the substitution of a new and improved one in its place.'' *Compton & Co. v. Williams,* 248 App. Div. 545, 290 N. Y. S. 984, 989; *Kingston v. Old Nat. Bank of Centralia,* 359 Ill. 192, 201. The amendment of 1941 supplied an omission in the Corporation Act of 1933 and restored to dissolved corporations a right which had existed under former statutes. No valid reason has been suggested why the amendment should not apply to corporations previously dissolved.

The trial court erred in sustaining defendants' motion and dismissing plaintiff's action. The judgment is reversed and the cause remanded for proceedings in conformity with this opinion.

*Reversed and remanded.*

Matchett, P. J., and O'Connor, J., concur.