CONTINENTAL BANK & TRUST COMPANY OF NEW YORK, as Trustee, Plaintiff, v. TANAGER CONSTRUCTION CORPORATION, Defendant.

Supreme Court, Special Term, New York County, November 17, 1948.

*George C. Demas* for plaintiff.

*Samuel Sumner Goldberg* and *Jerome S. Zurkow* for defendant.

HOFSTADTER, J. Motion by plaintiff for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice in an action for a declaratory judgment. The complaint alleges the following facts.

On January 16, 1930, the defendant executed and delivered to Straus National Bank & Trust Company of New York, as trustee, a first mortgage on a leasehold affecting premises in the borough of Manhattan, New York City, known as 1400 Broadway. The said mortgage secured the payment of $3,700,000 then due and owing by the defendant to S. W. Straus & Co. Thereby principal was payable January 1, 1948,

or sooner at the option of the defendant, with interest at the rate of 6½% per annum. Coupon bonds thereafter were issued thereunder. Interest and principal were payable at the office of S. W. Straus & Co. as fiscal agent. Article XIII thereof provides for the execution by the trustee of a satisfaction of the mortgage on payment in full of principal and interest or on deposit thereof with the fiscal agent.

On September 15, 1931, Straus National Bank & Trust Company merged with the plaintiff and on October 8, 1932, S. W. Straus & Co. resigned as fiscal agent and the plaintiff assumed that office.

During 1933, the defendant proposed to the bondholders that they voluntarily accept interest for the period January 1, 1933, to December 31, 1937, at the rate of 3½% instead of 6½% per annum. During 1938, the defendant proposed to the bondholders that they voluntarily accept interest at the rate of 4% per annum from January 1, 1938, to December 31, 1941; at the rate of 4½% per annum from January 1, 1942, to January 1, 1946, and at the rate of 5% from January 1, 1946, to January 1, 1948. The said proposals were assented to by a substantial majority of the bondholders, and their assent was indorsed on their bonds. This action concerns the bonds of the nonassenting bondholders.

Prior to January 1, 1947, the defendant elected to redeem the bonds as of that date. The defendant thereupon tendered principal, the stipulated premium, and interest at the reduced rate, and demanded a satisfaction of the mortgage. The plaintiff refused to comply because the tender did not satisfy the requirements of the indenture in that it did not include the unpaid interest on the bonds of the nonassenting bondholders. Eventually the defendant deposited with the plaintiff all unpaid interest subject to the terms of an agreement dated November 29, 1946, which so far as material states and provides: (1) the plaintiff claims and contends that it may not execute and deliver a satisfaction of mortgage unless payment is made of the unpaid interest; (2) the defendant claims and contends that the unpaid interest due January 1, 1933, through July 1, 1940, is barred by section 47-a of the Civil Practice Act and the plaintiff is required to deliver such satisfaction without a tender of this interest; (3) the interest in dispute shall be deposited by plaintiff in a special account subject to determination of the question whether the defendant is required to pay the said interest as a condition precedent to the delivery of a satisfaction of said mortgage. If the determination is in the affirma-

tive, then distribution is to be made to the bondholders; otherwise the fund is to be released to the defendant.

Simultaneously with the execution of the last-described agreement, the plaintiff unconditionally executed and delivered to the defendant a satisfaction of the mortgage. The rights and obligations sought to be declared are those arising from the foregoing agreement.

The plaintiff now contends: (1) sections 47 and 47-a of the Civil Practice Act, which limit the time for the commencement of actions on sealed instruments and bonds secured by mortgages on real property, do not bar this action; and (2) payment of the disputed interest was a condition precedent to the right to receive a satisfaction of mortgage. The defendant now contends: (1) this action is governed by section 47-a of the Civil Practice Act; and (2) the disputed interest was waived.

The Statute of Limitations does not affect the debt or the mortgage which secures the payment thereof; it serves to withhold a remedy in respect of the debt, to wit, an action at law to recover thereon. In any event, although the statute may be availed of by way of defense, it may not be the basis for affirmative relief (*House* v. *Carr,* 185 N. Y. 453, 458; *Hulbert* v. *Clark,* 128 N. Y. 295, 297; *People* v. *Freeman,* 110 App. Div. 605, 608). And where a trustee holds security for the payment of bonds and coupons, the fact that the outstanding bonds and coupons are outlawed does not affect his right to retain such security until such payment is made (*Harvey* v. *Guaranty Trust Co.,* 134 Misc. 417, 435, affd. 229 App. Div. 774, affd. 256 N. Y. 526). We, therefore, conclude that the plaintiff was within its rights when it refused to satisfy the mortgage unless payment was made of the disputed interest, and find it unnecessary to determine whether sections 47 and 47-a of the Civil Practice Act are applicable.

The defense of waiver of the disputed interest does not survive the agreement of November 29, 1946, whereby the parties integrated the questions and issues governing the disposition of the fund here involved, none of which involves this defense (*Newburger* v. *American Surety Co.,* 242 N. Y. 134, 142; Restatement, Contracts, § 237).

The defendant also contends subdivision 4 of section 500 of the Real Property Law, effective March 4, 1948, long after the making of the agreement here involved, enables the defendant to secure the cancellation and discharge of record of the mortgage under the circumstances of this case. Thereby an action may be instituted for the cancellation and discharge of a

mortgage " Where the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage * * * has expired ". A complete answer to this contention is that while it may be that action on the coupons was then barred, it has not been demonstrated that the time to foreclose the mortgage had expired when the agreement of November 29, 1946, was made. In any event, the statutory action could not effect a voluntary satisfaction of the mortgage. The statute, therefore, is inapplicable by its terms. Furthermore, the relief in said statute provided for is unavailable in respect of a mortgage satisfied prior to its enactment. We do not, therefore, reach the larger question involving the retroactivity of this statute. The motion is granted. Settle order in conformity herewith.