Van Voorhis, J.
(dissenting). I dissent with respect to the interest falling due from January 1, 1933, to July 1, 1940, which is barred by the Statute of Limitations (Civ. Prac. Act, § 47-a) and vote for a declaratory judgment entitling defendant to a satisfaction of the mortgage without payment of the disputed unpaid interest between those dates.
The continuance of a mortgage of record as a cloud upon title, after it can no longer be foreclosed, imparts to it an enforeibility which the Statute of Limitations was designed to take away. Such a method of enforcement is not a remedy recognized by law, but is made possible only by preying on the conventionalized fears of title examiners. It is not within the spirit of the law that the Statute of Limitations should leave in force a remedy for the collection of debts by what is really slander of title to real property.
This evidently came to the attention of the Legislature when it enacted chapter 105 of the Laws of 1948, which amended section 500 of the Real Property Law so as to provide that a mortgage can be cancelled and discharged of record as a cloud upon the title after the statute has run against it, even though it has not been paid. The question in this ease is whether that amendment applies to the cancellation of mortgages in existence when it became law. That, in turn, depends upon whether this statute is substantive or procedural in nature.
Strict logic might reach the conclusion that it is substantive (and unconstitutional also) since it aims at the destruction of a right of indebtedness. But such an indebtedness could not be collected by any legal remedy, and, therefore, has ceased to be a substantive right. Section 500 of the Real Property Law, before this amendment was added in 1948, was procedural in nature. It was not designed to enlarge or to diminsh any actual right, title or interest in real property. A procedure was supplied conveniently to get rid of an appearance of right, title or interest which does not exist in fact, or is incapable of enforcement. Even before the amendment by chapter 105 of the Laws of 1948, it was provided by subdivision 2 of section 500 of the Real Property Law, that an action to determine title to real property may be maintained even though the *989 court may have to determine any statutory limitations of time. It is clear that the Legislature considered that a debt which cannot be enforced is a right without substance, and did not conceive that the procedural character of section 500 was being altered by the addition of the clauses in 1948 which are involved herein. If an unenforeible debt had been regarded as a substantive right, it is unlikely that the Legislature would have provided for the cancellation of even future mortgages irrespective of payment of the debt secured thereby. A right without a remedy is so shadowy and disembodied a legal concept, as not to be property.
The refusal by the courts to intervene in such cases before the amendment to section 500 in 1948 was not for the reason that a barred indebtedness is a property right, but on the basis that affirmative equitable relief canceling the record of a mortgage will be denied unless the indebtedness originally secured thereby has been paid. Such withholding of equitable relief probably derives from a background of thought which preceded the idea that “ The Statute of Limitations is not looked upon with disfavor, but is a beneficial statute ” (Sears v. Hetfield, 216 App. Div. 767, 768), and which is reflected in the statement from Van Keuren v. Parmelee (2 N. Y. 523, 526) that “The statute of 21 James 1, c. 16, which limited actions on promises to six years, was not very well received by the legal profession; and although the early decisions under it are not open to much observation, it was not long before the courts began to regard the statute with disfavor, and to resort to the most subtle constructions for the purpose of restricting its influence.” Now, however, “A remedial right arising from the non-performance of a duty is extinguished when the Statute of Limitations deprives the right of its judicial remedy. When the statute says that the presumption of payment arising from lapse of time is conclusive it means that, when the limitation applies, the fact of non-payment is immaterial and may not be shown to rebut the conclusive presumption. (Fisher v. Mayor, etc., of N. Y., 67 N. Y. 73, 80; Brinkman v. Cram, 175 App. Div. 372; affd., 225 N. Y. 720.) The statute is one of repose. The court may not pervert its purpose in order to avert an unjust result. The ‘ period when one who was spoken to on the subject of an old debt, could not well give a civil answer, without saying enough to take the case out of the statute ’ is past. (Bronson, J., in Van Keuren v. Parmelee, 2 N. Y. 523, 526.)” (Matter of City of New York [Elm St.], 239 N. Y. 220, 225.) It is thus clear that a debt which is barred no longer partakes of the nature of property, whether it has been paid or not, from which it follows that a statute providing a remedy to expunge its shadow from the record, is procedural.
The cancellation and discharge of record of a mortgage that is barred by the Statute of Limitations was regarded by the Legislature as partaking of the same nature as the removal of other clouds upon title to compel the determination of which article 15 (§§ 500-512) of the Real Property Law was enacted. Nothing contained in that article as it existed before or after 1948 adds to or detracts from any interest in real property; it merely furnishes a procedure for the determination of such claims. This is equally true of the 1948 amendment providing for the cancellation and discharge of unpaid mortgages against which the Statute of Limitations has run.
Being a procedural statute, it is deemed to be retroactive in its operation (People ex rel. Equitable Holding Corp. v. Graves, 263 App. Div. 468; Compton & Co. v. Williams, 248 App. Div. 545), or, more accurately stated, it applies to pending and future actions or proceedings for the determination of rights and *990 liabilities previously created or terminated (Lazarus v. Metropolitan Elevated, Ry. Co., 145 N. Y. 581). The agreement of November 29, 1946, between the parties hereto did not give them any vested rights in then existing legal procedure.
This salutary amendment, like most of article 15 of the Real Property Law, would lose much of its usefulness, if it were deemed to extend only to mortgages made after its enactment. Moreover, the reasons thought to require it to be construed as prospective only, might undermine its constitutionality altogether.
The fact that foreclosure to recover the principal secured by the mortgage indenture herein may not have been barred, does not prevent the statute from running against coupons for interest that matured more than six years before the agreement of November 29,1946, inasmuch as separate causes of action could have been sued upon for the interest installments from and after their maturity dates (Lorillard v. Clyde, 122 N. Y. 41, 45; cf. Union Trust Co. of Rochester v. Kaplan, 249 App. Div. 280).
It may be noted that the statute providing for the discharge of ancient mortgages (now sections 340 et seq. of the Real Property Law, originally enacted by chapter 365 of the Laws of 1862) has been applied to mortgages in existence when the act was passed (Matter of Townsend, 4 Hun 31, appeal dismissed 63 N. Y. 631).
The judgment appealed from should be reversed and declaratory judgment should be entered in favor of defendant for cancellation and discharge of record of the mortgage without payment of said disputed unpaid interest maturing from January 1, 1933, through July 1, 1940, inclusive, with costs to appellant.
Cohn, Callahan and Shientag, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse in opinion in which Dore, J. P., concurs.
Judgment affirmed, with costs to the respondent. No opinion. [193 Misc. 245.]