JOHN PISCINA et al., Copartners Trading under the Name of TRAILER RENTAL Co., Plaintiffs, Third-Party Plaintiffs, *v.* CITY OF NEW YORK et al., Defendants.

NATIONAL MUTUAL INSURANCE COMPANY OF THE DISTRICT OF COLUMBIA, Third-Party Defendant.

Supreme Court, Special Term, Kings County, June 1, 1950.

*Zelby & Burstein* for third-party defendant appearing specially.

*Julius Wolfson* for third-party plaintiffs.

Di Giovanna, J. Motion is made by an insurance company, a foreign corporation, appearing specially for such purpose, to vacate service on it of a third-party summons and complaint in a negligence action under section 59-a of the Insurance Law.

Section 59-a, in effect, prescribed certain conditions upon which such a foreign insurer may do business here. Briefly, the issuance of its insurance policies to New York State residents, solicitation of such business, acceptance and collection of premiums and similar acts is to be deemed, under the legislative mandate, a signification of such insurer's agreement to make itself amenable to service of process through the Superintendent of Insurance, permitting it to be sued in this State. Section 59-a was enacted by chapter 826 of the Laws of 1949 and became effective July 1, 1949.

The automobile policy under which plaintiffs seek to hold this third-party defendant liable was issued on February 28, 1948, in Baltimore. Its effective term was from March 5, 1948, to March 5, 1949. The accident in which plaintiffs' tractor-trailer was involved in Brooklyn happened on March 24, 1948. The insurance company cancelled the insurance (for asserted violation of terms and conditions thereof) as of June 4, 1948.

This policy, therefore, was written approximately a year and four months before section 59-a of the Insurance Law went into effect, and actually would have expired if permitted to remain in force for its full term three months prior thereto. Assuming that the company's cancellation was valid, the insurance coverage was terminated a year and a month before. The accident happened almost four months before.

Determination of this motion, concededly, turns on whether or not section 59-a is to be given retrospective or prospective effect.

Plaintiffs argue for the former, urging that the legislation pertains to the law of remedies, thus coming within the exception to the customary rule of interpretation that a statutory enactment is to be given only prospective effect, lacking express language otherwise. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Compton & Co.* v. *Williams*, 248 App. Div. 545, 548.) Plaintiffs also contend that a reading of the statutory language evinces a necessary purpose of the Legislature to have its terms apply to existing policies.

Granting that it is within the legislative power to impose terms upon which a foreign insurance corporation may do business here (see *Hess* v. *Pawloski*, 274 U. S. 352), I think such terms can be imposed only as to acts done and insurance written subsequent to the enactment. Logical contention cannot be made that such an insurer, by doing the acts specified, is to be considered as having indicated an agreement in advance to accept something of which it could not at the time have been apprised, of which it had no knowledge, and which was not even in existence.

Plaintiffs fall into error, in my view, in their argument that this is a mere change in remedial law. It is more than that, going to jurisdiction.

While it is within the range of legislative power to set jurisdictional terms under which a foreign corporation will be permitted to do business in a State, it is beyond the legislative power, in the absence of an implied assent thereto by the foreign corporation's doing business in the manner prescribed, to impose in personam jurisdiction on such corporation which will be effective outside of the State's territorial boundaries. (*Pennoyer* v. *Neff*, 95 U. S. 714; *Geary* v. *Geary*, 272 N. Y. 390, 398.)

Accordingly, the motion to vacate (made herein pursuant to Insurance Law, § 59-a, par. 3, subd. c) should be granted.