In the Matter of STEPHEN SIDORIK, an Incompetent Person and an Inmate of Matteawan State Hospital. MICHAEL SUKI, Appellant; EMMA SIDORIK, as Committee of the Person and Property of STEPHEN SIDORIK, an Incompetent Person, etc., Respondent.— In an action pending between Michael Suki, plaintiff, and Stephen Sidorik, defendant, subsequently declared to be an incompetent, order denying plaintiff's motion in such action for leave to continue the action against the defendant as an incompetent and to make the committee of the incompetent a party defendant, reversed on the law, with ten dollars costs and disbursements, and motion granted, without costs.   Even assuming that plaintiff has unreasonably delayed in making the motion, it does not appear that the delay has prejudiced the incompetent or the committee.   Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.

In the Matter of Supplementary Proceedings: CELIA SOBEL, Judgment Creditor, Respondent, v. ALEXANDER SOBEL, Judgment Debtor, Appellant; FRANKLIN ROUND TOWN BAR & GRILL CORPORATION, Appellant.— This is a proceeding under section 788 of the Civil Practice Act to punish a judgment debtor for contempt for false swearing, and under section 793 to direct the judgment debtor to pay the judgment in installments.   Appeal from original order of May 20, 1936, dismissed. This order has been superseded by the order of June 24, 1936.   The latter order is modified by striking out the provisions adjudging the judgment debtor in contempt and fining him the sum of $100 and directing his employer, Franklin Round Town Bar & Grill Corporation, to deduct and make the weekly payments of ten dollars and in case of its failure so to do permitting the judgment creditor to docket a judgment against it and issue execution thereon, and as so modified the order is affirmed, with ten dollars costs and disbursements to the judgment creditor; and the motion in so far as it seeks to punish the judgment debtor for contempt is denied.   The false swearing did not relate to a material matter and did not defeat, impair, impede or prejudice the rights or remedies of the judgment creditor and, therefore, the court erred in adjudging the debtor in contempt.   Neither section 793 nor section 794 of the Civil Practice Act authorized the court to make any order directed against an employer or any other person or corporation unless he or it is indebted to the judgment debtor.   It is not claimed the debtor's employer is indebted to him.   Young, Hagarty, Johnston, Adel and Taylor, JJ., concur.

WILLIAM A. JOHNSON, Respondent, v. APPLEGATE LAND & IMPROVEMENT CO., INC., Appellant.— In an action by plaintiff to recover part of an unpaid salary as president and general manager of a corporation, the plaintiff established by resolution of the board of directors that his salary was fixed in 1925 at $4,500 and that in succeeding years he continued to act and was paid the same salary, which was reported each year to the annual meeting of stockholders and the report was approved.   During the last year only $3,600 was paid on this $4,500 salary, and it was claimed by defendant that this fact established a reduction.   Both sides moved for a directed verdict and the court rendered judgment for the plaintiff. It was for the court to determine any disputed question of fact and to draw the inferences from the facts established. (*Glanzer* v. *Shepard*, 233 N. Y. 236, 242.) Judgment unanimously affirmed, with costs.   Present — Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ.