In the Matter of EULA M. RICH, Judgment Creditor, against FREDDIE RICH, Judgment Debtor.

Supreme Court, Special Term, New York County, June 22, 1944.

*George Gussaroff, Aaron Schwartz* and *Joseph Nemerov* for judgment debtor.

*Eula M. Rich,* judgment creditor in person.

PECK, J. By a third party order in supplementary proceedings the judgment creditor has tied up the weekly salary of the judgment debtor. The latter moved to vacate the third party order to that extent, upon the ground that current earnings are exempt from seizure or interference in supplementary pro-

ceedings by virtue of section 792 of the Civil Practice Act. The motion was denied in an opinion dated June 2, 1944 (N. Y. L. J., June 7, 1944, p. 2191, col. 7) and the judgment debtor has moved for reargument, strongly pressing his claim to exemption upon the authority of cases antedating the 1941 amendment (ch. 694) of section 792 of the Civil Practice Act, and picturing the serious consequences of restraining the payment to wage earners of their weekly wages.

The consequence is serious and it may well be, as a matter of public policy, that current earnings should be exempt from a restraining order issued under section 779 of the Civil Practice Act; but that is a matter for the Legislature and not for judicial legislation. The court must take the statute as it finds it, and while, if the language of the statute permits, the court may give it an interpretation in accordance with the court's sense of public policy, it may not disregard or override the clear meaning of statutory language in the guise of interpretation.

Section 792 exempts from seizure or interference in supplementary proceedings " the earnings of the judgment debtor for his personal services * * * to the extent that such earnings shall appear to the court by oath or otherwise to be necessary for the reasonable requirements of the judgment debtor and his family ". The exemption is specific and limited. Language could hardly make clearer the corollary that earnings, to the extent that they are not necessary for the reasonable requirements of the judgment debtor and his family, are not exempt.

Because there is authority to the contrary in cases construing section 792 before the 1941 amendment, and because of the importance of the matter, it is worth while to review the course of legislation and judicial decisions on the subject and re-examine the pattern of supplementary proceedings into which section 792 must fit.

Prior to 1941, a judgment creditor might reach the earnings of a judgment debtor, to the extent of 10%, by garnishment under section 684 of the Civil Practice Act. He might also reach the earnings of a judgment debtor by a proceeding under section 793, in which the court might order the judgment debtor to pay to the judgment creditor such portion of his income, *after due regard for the reasonable requirements of the judgment debtor and his family,* as the court might fix. As to the property of a judgment debtor which might be reached by a third party order under section 779, section 792 provided an exemption of " the earnings of the judgment debtor for his **personal services rendered within sixty days next before the**

institution of the special proceeding, when it is made to appear by his oath or otherwise that those earnings are necessary for the use of a family wholly or partly supported by his labor.''

The question then arose as to whether *future* earnings might be reached by a third party order, in view of the fact that section 792 was silent as to such earnings. The courts were thus confronted with the dilemma of holding that the silence of the statute meant either that such earnings were wholly exempt from interference or might be wholly appropriated by the judgment creditor. The courts took what seemed to be the lesser of the two evils, by construing section 792 as not being intended to give judgment creditors the right to tie up or appropriate the earnings of judgment debtors as they accrued. (*D. L. & W. Coal Co.* v. *Kenlon,* 164 Misc. 32; *Kemp & Mulligan* v. *Wittner,* 15 N. Y. S. 2d 435.) The soundness of these rulings, even prior to the 1941 amendment of section 792, is open to serious question. Section 779 then expressly authorized, as it does today, the inclusion in a third party order of a restraint against '' paying out *any* money due *or to become due* to such judgment debtor, until the further order of the court '' (italics supplied). There was no exception in that section as to salary or wages. Since the section which purported to enumerate the property which could not be reached in supplementary proceedings (§ 792) limited the exemption of earnings to those accruing within sixty days prior to the institution of the supplementary proceeding, and then only to the extent that such earnings were necessary for family use, there appears to have been no statutory basis for holding that a third party order could not restrain the' payment of future earnings to the judgment debtor.

In 1941, section 792 was amended by adding to the description of property which might not be seized or interfered with by supplementary proceedings '' the earnings of the judgment debtor for his personal services * * * rendered thereafter, to the extent that such earnings shall appear to the court by oath or otherwise to be necessary for the reasonable requirements of the judgment debtor and his family.'' The amendment must be given meaning. As previously observed, the meaning of the language seems clear on its face, that future earnings, just the same as earnings accrued during the period of sixty days before the institution of supplementary proceedings, are exempt only to the extent that they are necessary for the reasonable requirements of the judgment debtor and his family. That this was the intent of the amendment is made doubly clear by the report of the Judicial Council in offering the amendment.

(Report of N. Y. Judicial Council, 1941, p. 345.) Said the Council: "In view of the policy expressed in section 793, to allow a creditor to reach only that portion of the income of a debtor which is not necessary for the reasonable requirements of the debtor and a dependent family, it would seem proper to codify the holdings of the foregoing decisions and to extend the exemption under section 792 to earnings earned not only within a period of sixty days after the institution of the proceedings, but at any time afterwards, *but only to the extent that such earnings are necessary for the debtor's reasonable requirements.*"

While the reference to codifying the foregoing decisions is somewhat elusive, the wording and explanation of the amendment remain plain. The Legislature was not content to leave a gap in the statute as to future earnings or rest with judge-made law. The Legislature wanted to codify the law and assimilate the provisions in respect to both past and future earnings and bring them into harmony with the corresponding provision of section 793, which drew no distinction between past and future earnings. The assimilation was achieved by an identical provision in respect to past and future earnings in the amendment to section 792, and there is no longer any justification, whatever justification there may have been prior to the amendment, to treat future earnings any differently from past earnings.

Counsel for the judgment debtor suggests that the court has confused the present proceeding with an application under section 793 and that the effect of the court's decision is to render section 684 and section 793 meaningless. On the contrary, the amendment to section 792 removed the confusion theretofore existing, gave integral and reciprocal meaning to sections 792 and 793, and completed logically and reasonably the pattern of the various provisions relating to supplementary proceedings. The recourse of a judgment creditor to the earnings of a judgment debtor is thus by garnishment under section 684, which while restricted to 10% is not limited by any consideration of the requirements of the judgment debtor, or by a third party order under section 779 followed by a turnover order under section 794, by which the judgment creditor may reach in the hands of a third party the earnings of a judgment debtor to the extent that they are not necessary to his requirements (Civ. Prac. Act, § 792), or by an application under section 793, whereby the judgment creditor may reach in the hands of the judgment debtor his earnings to the same extent and under the same limitation as provided by section 792. The reason

for the alternative routes to the same end is that, as in the instant case, the judgment creditor may not be able to enforce any order she may secure under section 793 because the judgment debtor is out of the jurisdiction, whereas she may enforce her rights by proceedings against the third party subject to the jurisdiction of the court.

No undue burden is cast upon the judgment debtor in either event because in either case he may show, and is the only one who can show, what his requirements are and what his exemption should be. If, however, the result seems harsh, relief can only come from the Legislature. The statute is too clear as it stands for the court to reach any other result.

The motion for reargument is granted and upon reargument the original determination is adhered to.