ABRAHAM S. YARMUSH et al., Judgment Creditors, *v.* SIDNEY COHEN, Judgment Debtor.

ART STEEL COMPANY, INC., Third Party.

City Court of the City of New York, Special Term, Bronx County, January 8, 1945.

*Joseph B. Franklin* for receiver and for judgment creditors.

*Morris Wagman* for third party.

BRADY, J. This is an application to punish Art Steel Company, Inc., third party employer, for contempt for violating the restraining provisions of a subpœna.

A judgment was obtained by the judgment creditors against the judgment debtor on January 9, 1943, the judgment debtor was examined in supplementary proceedings in New York County, and a receiver appointed. Thereafter, the judgment creditors caused to be served upon the Art Steel Company, Inc., the employer of the judgment debtor, a subpœna returnable June 29, 1944, in this court. The subpœna contained a copy of section 781 of the Civil Practice Act. The third party employer, by its president, Joseph Burger, appeared for examination and testified that the employer had no property belonging to the judgment debtor and owed him no money other than his weekly salary, which was not due or payable at the time of the examination. The employer, therefore, continued to pay the employee his weekly salary of $42.40 (after deducting withholding tax and social security tax).

The moving party contends that section 792 of the Civil Practice Act was amended in 1941, so that the earnings of the judgment debtor for his personal services rendered after the institution of special proceedings are only exempt from seizure or interference in supplementary proceedings to the extent that such earnings shall appear to the court by oath or otherwise

to be necessary for the reasonable requirements of the judgment debtor and his family, if dependent upon him, and the moving party further claims that the third party employer should be punished for contempt of court for paying said salary to its employee, the judgment debtor.

The moving party relies upon *Rich* v. *Rich* (49 N. Y. S. 2d 186).* In that case a third party order was served on the employer of the judgment debtor (which judgment debtor resided in California) and the employer stopped paying the salary due the judgment debtor. The latter, through his attorneys, then moved to vacate such part of the order as restrained the judgment debtor's employer from paying over the weekly salary to the judgment debtor. He merely stated that he is "having a great deal of difficulty in meeting my living expenses here in California and I am further unable to pay the monthly alimony due to my wife for this month."

The court denied the motion to modify the order, but without prejudice to a renewal upon the judgment debtor's showing how much of his salary was reasonably necessary for the support of himself and family.

In the case at bar the judgment debtor is not a party to the motion, and it is not he who has failed to show how much of his salary is reasonably required to support him and his family, but it is the judgment creditors who fail to show this. It was not incumbent upon the employer to show this, especially in view of the fact that the judgment creditors had examined the judgment debtor in New York County and had, or should have had all the facts, and did not deem it advisable to submit the examination to either the employer or this court.

It seems to me that it was not the intention of the Legislature to give a judgment creditor the right to serve an employer with a subpœna, containing a restraining clause and tie up the wages or salary of a judgment debtor for an indefinite period, and at the same time permit the judgment creditor to decline to avail himself of the provisions of section 684 [garnishment] or section 793 [installment payment by debtors] of the Civil Practice Act and then move to punish the third party employer for contempt for paying the wages or salary to the employee, especially where said payment must be made to avoid punishment under the Penal Law [§ 1272] and Labor Law [§ 196, subd. 2]. Nor was it the intention of the Legislature that the employer should usurp the power given to the court to determine how much the judgment debtor did not require of his wages or

---

* For opinion on reargument see 183 Misc. 551.— [Rep.

salary to support himself and his family, and hold this sum for the benefit of the judgment creditor.

The report of the Judicial Council in offering the amendment of 1941 (Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 321, 350), states that it was the intention of the amendment to codify prior decisions to the effect that the earnings necessary for the support of the debtor's family, even though for services rendered after the institution of supplementary proceedings, are exempt from seizure. I do not find anything in the report to the effect that the purpose was to overrule these decisions and to overrule the unanimous decision of *Kemp & Milligan* v. *Wittner* (15 N. Y. S. 2d 435) which held, " The salary and commissions of a judgment debtor are exempt by law from application to the satisfaction of a judgment, except as provided for by sections 684, subdivision 1, and 793 of the Civil Practice Act."

The moving party contends that it is not necessary for the receiver or the judgment creditor to move under section 684 or section 793 of the Civil Practice Act and that it may reach in the hands of a third party the earnings of a judgment debtor to the extent that they are not necessary to his requirements (Civ. Prac. Act, § 792) by a third party order under section 779 of the Civil Practice Act followed by a turnover order under section 794 of the Civil Practice Act. But this is not the view of the Judicial Council, because in 1941, when it sponsored the amendment to said section 794, it said: " The purpose of this amendment is to make it clear that a mandatory order under section 794 may be granted to cover a presently existing but unmatured indebtedness. There is no intention to abrogate the rule that such an order cannot be obtained to cover a wholly contingent claim, such as a prospective claim of an employee for wages to be earned in the future. *Sobel* v. *Sobel,* 249 App. Div. 647, 291 N. Y. Supp. 4 (2d Dept. 1936)." Motion denied.