In the Matter of ABRAHAM S. YARMUSH et al., Judgment-Creditors-Appellants, against SIDNEY COHEN, Judgment Debtor.

MARK C. PLATT, as Receiver, Appellant; ART STEEL Co., INC., Third Party, Respondent.

Supreme Court, Appellate Term, First Department, June 6, 1945.

*Joseph B. Franklin* for appellants.

*Morris Wagman* for respondent.

MEMORANDUM *Per Curiam.* Section 792 of the Civil Practice Act, as amended by chapter 694 of the Laws of 1941, should not be construed literally standing by itself. It should be considered in connection with sections 684 and 793 of the Civil Practice Act so that effect may be given to the entire scheme of legislation dealing with the right of a creditor to reach the wages of his debtor. To give the 1941 amendment to section 792 the literal construction contended for by the appellants would, in effect, render the provisions of section 793 nugatory. Moreover, it would tie up wages in the hands of the third party employer until the excess, which the creditor is entitled to reach, could be determined. The Judicial Council as indicated in its report did not intend any such result (Seventh Annual Report of N. Y. Judicial Council, 1941, pp. 321, 343).

We therefore construe section 792, as amended, to mean that after it has been determined under section 793 what earnings are necessary for the reasonable requirements of the judgment debtor and his family, a third party order may be served on the employer to cover the excess of any future wages over and above such requirements. Such a construction does not abrogate section 793; it gives the creditor the right to proceed against the employer as well as against the judgment debtor for the excess of wages after such excess has been determined in accordance with the provisions of section 793. Until that excess was so determined the third party order was ineffective and the employer was not guilty of contempt in continuing to pay his full wages (less any amount garnisheed) to the judgment debtor.

The order should be affirmed, with $10 costs and disbursements.

SHIENTAG, McLAUGHLIN and HECHT, JJ., concur.

Order affirmed.