In the Matter of CHARLES E. GILL, Judgment Creditor, against ARTHUR SCHWARTZ et al., Judgment Debtors.

AMERICAN LIME CORPORATION, Third Party.

Supreme Court, Special Term, New York County, November 24, 1947.

*John M. Friedman* for judgment creditor.

*Murray Post* for third party.

LUMBARD, J.  The judgment creditor moves pursuant to sections 793 and 794 of the Civil Practice Act for an order (1) fixing the reasonable value of the judgment debtor's services to the third party corporation; (2) directing the third party and the judgment debtor to pay to the judgment creditor (a) the accumulated salary of the judgment debtor and (b) the future salary of the judgment debtor as it accrues.

The third party corporation is owned by the judgment debtor's sister.  It has submitted to an examination in supplementary proceedings.  The examination has not been completed but has been held open until the corporation furnishes certain missing figures.  The judgment debtor appears to be the motive power of the corporation and through his own efforts produces net profits of $16,000 annually in exchange for a salary of $5,200.  The corporation has lost its books and pays no dividends.

Although these circumstances support the suspicion that the judgment debtor is receiving income in excess of $5,200 annually from the third party corporation, the moving affidavit does not disclose sufficient facts as to the ultimate disposition of the ostensible corporate income and the amount and true ownership of the capital risked in its business. For these reasons the court cannot say that the debtor's salary is inadequate to the point of a mere subterfuge. Accordingly, the motion to fix the judgment debtor's salary at $300 a week is denied with leave to renew the application after the examination of the corporation is completed, at which time it may be appropriate to refer this matter to an official referee (Civ. Prac. Act § 785; *Cohn* v. *Cohn,* N. Y. L. J., Oct. 21, 1939, p. 1239, col. 7; *Frooks* v. *Clurman,* N. Y. L. J., May 1, 1942, p. 1852, col. 5).

The answering affidavits show that the corporate employer has continued to pay the judgment debtor his weekly salary despite service upon it of a third party order containing a provision restraining it from '' paying out any money due or to become due to such judgment debtor, until the further order of this court.''

The third party contends that wages earned subsequent to the service of the third party order are exempt from execution and are not subject to the restraining provisions of a third party order. The case of *D., L. & W. Coal Co.* v. *Kenlon* (164 Misc. 32) upon which the third party's contention is based, is obsolete law.

Under the provisions of section 792 of the Civil Practice Act, as amended in 1941, earnings for personal services rendered after the institution of supplementary proceedings by a third party order are not exempt to the extent that they exceed the reasonable requirements of the judgment debtor and his family if dependent upon him and a judgment creditor may reach such excess earnings by a third party order under section 779 followed by a turnover order under section 794 (*Matter of Rich* v. *Rich,* N. Y. L. J., June 7, 1944, p. 2191, col. 7, on reargument 183 Misc. 551). The problem here is not whether such earnings are exempt but whether the employer may continue to pay the judgment debtor his full salary after service of a third party restraining order.

In 1945, it was held that a subpœna containing a similar restraint was ineffective until the reasonable requirements of the judgment debtor were determined (*Matter of Yarmush* v. *Cohen,* 185 Misc. 118). But since that decision, section 781 of the Civil Practice Act has been amended by the Laws of 1946 which added a provision '' that such third party shall not be obliged to withhold the payment of any moneys, beyond double

the amount claimed in such subpoena by the judgment creditor.''
The Legislature could hardly make clearer the corollary that the
third party *is* obliged to withhold *any* money to the extent of
double the amount claimed in the subpœna. Moreover, the
restraining provisions of a subpœna apply only to property
'' not exempt by law from application to the satisfaction of the
judgment '' (Civ. Prac. Act, § 781). No such limitation is con-
tained in the restraining provisions of a third party order,
nor are wages expressly exempted from its application (Civ.
Prac. Act, § 779). There is nothing ambiguous about the
language of section 779 or a third party order served pursuant
thereto. It means exactly what it says. The third party is
expressly restrained '' from paying out *any* money due or *to
become due* to such judgment debtor, until the further order of
the court  *  *  *.'' (Civ. Prac. Act, § 779. Italics supplied.)
A restraining order is not an optional suggestion to be obeyed
at will; it is a command disobeyed at peril. To trifle with it is
to invite liability *pro tanto* to the party harmed. The statute
must be given meaning and a third party order served pursuant
thereto must be obeyed under penalty of contempt (Civ. Prac.
Act, § 801.)

This does not place an undue burden upon the judgment debtor
or tie up his salary indefinitely for he may make an application
to modify the order to the extent of exempting from its restrain-
ing provisions so much of his salary payments as are reasonably
necessary for his requirements and the requirements of his
family. A simple affidavit showing the extent of his needs is all
that is required. (Civ. Prac. Act, § 792; *Matter of Rich* v. *Rich,
supra.*) '' He certainly has no right, legal or moral, to possess
and enjoy property, and refuse to apply it to the payment of
his adjudicated indebtedness.'' (*Compton & Co.* v. *Williams,*
248 App. Div. 545, 548.)

Since the judgment debtor's salary is exempt only '' to the
extent that such earnings *shall appear to the court* by oath or
otherwise to be necessary for the reasonable requirements of
the judgment debtor and his family  *  *  * '' (Civ. Prac. Act,
§ 792; italics supplied), a third party who pays out salary
despite the restraining provisions of the order without first
obtaining a court determination as to the requirements of the
debtor does so at his peril and assumes the risk that the court
may find that part or all of the salary exceeds the debtor's
requirements. To hold otherwise would permit the third party
to usurp the function of the court and render the restraint nuga-
tory. The motion to direct the judgment debtor and the third

party to pay over to the judgment creditor all of the salary wrongfully paid to the judgment debtor since the date of the service of the third party order is granted.

The moving affidavit states that the judgment debtor is unmarried and earns other income in addition to his salary from the third party. The judgment debtor does not even deny these assertions, but states that the $100 weekly salary he has been drawing from the third party is necessary for his " support and maintenance " and that his income " is barely sufficient " to meet his " living and Medical expenses." He does not claim to have other outstanding obligations. These bald conclusions do not apprise the court as to the amount and extent of the debtor's requirements. In Matter of *Rich* v. *Rich* (N. Y. L. J., June 7, 1944, p. 2191, col. 7, on reargument •183 Misc 551, *supra*) the court held that a judgment debtor had not shown his requirements by an affidavit stating that he was " having a great deal of difficulty in meeting my living expenses," and as a consequence denied an application to vacate a third party order tying up his entire salary.

The judgment debtor is the only one who knows the nature and extent of his requirements and it is incumbent upon him to show in detail the various items of expenditure required for his support. (*Compton & Co.* v. *Williams,* 248 App. Div. 545, *supra*; *Matter of Rich* v. *Rich, supra.*)

Since the judgment debtor has flouted the order of this court by not submitting to an examination and has failed to show his requirements in his affidavit, the inference is warranted that he is concealing his true financial position and that he does not require any part of his salary from the third party. Accordingly I find that no part of his net salary of $82.50 per week is required by him.

The judgment debtor's net salary after taxes is $82.50 a week. The motion for. an order directing the third party and the judgment debtor to make installment payments to the judgment creditor from the judgment debtor's future salary is granted to the extent of installments of $82.50 each week until the judgment with appropriate interest is paid. This is without prejudice to an application by the judgment debtor, after he has · submitted to an examination in New York City, to modify the order by exempting therefrom such additional part of his future salary as shall be found by the court to be reasonably necessary for his requirements. Likewise it is without prejudice to an application by the judgment creditor to increase the amount of the weekly installment payments upon a further showing.

**Settle order.**