In the Matter of CHARLES E. GILL, Judgment-Creditor-Respondent, against ARTHUR SCHWARTZ, Judgment-Debtor-Appellant, et al., Judgment Debtor. AMERICAN LIME CORPORATION, Third Party Appellant.

First Department, May 10, 1948.

*Murray Post* for appellants.

*John M. Friedman* for respondent.

COHN, J. The question presented is whether in supplementary proceedings a third party order made under section 779 of the Civil Practice Act directing an employer of the judgment debtor to appear for examination and enjoining the employer from paying out any money due or to become due to the judgment debtor is a mandate of the court which obligates the employer to withhold all future earnings of the judgment debtor as they accrue without a determination by the court first had of the reasonable requirements of the judgment debtor for maintenance and support of himself and those dependent upon him.

The Special Term has held that the restraining provision of the order served upon the third party effectively tied up all earnings of the judgment debtor until the further order of the court. It was also held that the third party disobeyed the injunction by failing to withhold payment to the judgment debtor of his weekly salary as it became due. The order challenged directed the judgment debtor and the third party employer to

pay $2,351.25, the net salary which became due to the judgment debtor from his employer subsequent to the service of the aforementioned third party order. In the event that the said sum was not paid in five days it was provided that the clerk of the court was to docket the order as a judgment for $2,351.25 against the employer (Civ. Prac. Act, §§ 793, 794). This appeal is from the said order and the judgment.

We think that the determination overlooks the provisions of section 792 of the Civil Practice Act. By the terms of that section, certain classes of property are specifically exempted from seizure or other interference in supplementary proceedings. Among them is the salary of a judgment debtor earned after the institution of the supplementary proceedings " to the extent that such earnings shall appear to the court by oath or otherwise to be necessary for the reasonable requirements of the judgment debtor and his family, if dependent upon him ''. The quoted provision of section 792 was added to the statute by appropriate amendment in 1941, following a recommendation to the Legislature by the Judicial Council. (Civ. Prac. Act, § 792, as amd. by L. 1941, ch. 694; Seventh Annual Report of N. Y. Judicial Council, 1941, p. 345.) This amendment was never intended to authorize the enjoining of a third party from paying wages to a judgment debtor without a prior judicial determination of the amount of the earnings which the judgment creditor is entitled to reach. Not until after the court upon a proper application has fixed the amount of the debtor's income which should be applied to the payment of the creditor's judgment may it make an order under section 793 directing the judgment debtor to make installment or other payments on account of the judgment. In determining the amount required to be paid, the court must take into account the debtor's earnings or his income, must assess his needs and those of his family and must consider any payments required to be made to other creditors. Only after such procedure has been followed may a direction be made by the court requiring a third party indebted to the judgment debtor to pay over a sum accruing as income on account of the judgment pursuant to the provisions of section 794 of the Civil Practice Act. (*Matter of Reeves* v. *Crownshield,* 274 N. Y. 74, 77; *Compton & Co.* v. *Williams,* 248 App. Div. 545, 548; *Matter of Kaplan* v. *Peyser,* 273 N. Y. 147, 150; *Bergman* v. *Buechler,* 249 App. Div. 553; *Matter of Yarmush* v. *Cohen,* 184 Misc. 41 [cf. opinion by BRADY, J.], affd. 185 Misc. 118; *Schwartz Tire Corp.* v. *Gershon,* 160 Misc. 439; *Dibner* v. *Cousminer,* 157 Misc. 229;

Carmody's Manual of New York Civil Practice [1946], §§ 779, 780.)

Section 779 of the Civil Practice Act permits an examination of a third party in a supplementary proceeding and provides that the order directing such examination may contain a provision restraining the third party from paying out money due or to become due to the judgment debtor. That section does not stand alone. It is to be read and applied in connection with every other section of article 45 of the Civil Practice Act. " * * * ' All must have their due and conjoint effect. Each must be so far qualified and limited by each other as that all may have operation in harmony, if so it may be.' * * * That provision [Civ. Prac. Act § 792] has had a fixed legal meaning from the days of the Revised Statutes. It recognizes ' the right of the creditor in a proper action to have the amount necessary for the support of the debtor ascertained, and to compel the application of the surplus.' " (*Matter of Kaplan* v. *Peyser, supra,* p. 150.)

The restraining provisions of a third party order under section 779 can have no greater weight than those contained in a third-party subpœna issued under section 781. Both sections are bound by the language of section 792 which does not authorize seizure or interference with future earnings of a judgment debtor to the extent that such earnings are necessary for support and maintenance of himself and family. In *Matter of Yarmush* v. *Cohen* (185 Misc. 118, *supra*) after failure of an employer to obey a third party subpoena containing the injunctive provisions set forth in section 781 of the Civil Practice Act, the Appellate Term of this department in affirming an order of the Bronx City Court which denied a motion to punish the employer for contempt for such failure, succinctly stated the pertinent law as follows: " We therefore construe section 792, as amended, to mean that after it has been determined under section 793 what earnings are necessary for the reasonable requirements of the judgment debtor and his family, a third party order may be served on the employer to cover the excess of any future wages over and above such requirements. Such a construction does not abrogate section 793; it gives the creditor the right to proceed against the employer as well as against the judgment debtor for the excess of wages after such excess has been determined in accordance with the provisions of section 793. Until that excess was so determined the third party order was ineffective and the employer was not guilty of contempt in continuing to pay his full wages (less any amount garnisheed) to the judgment debtor."

While a fund representing wages earned is not exempt from levy under execution (*Matter of DeLuca* v. *O'Kelly*, 266 App. Div. 859), as to wages currently due or to become due an exemption clearly applies. Section 684 of the Civil Practice Act provides for a levy not exceeding 10% of current accruing salary. This restriction is supplemented by section 793 of the Civil Practice Act to enable additional payments to be made from current and future salary of the judgment debtor " after due regard for the reasonable requirements of the judgment debtor and his family, if dependent upon him ". Before any part of the exemption can be put into operation an appropriate application must be made. " It would certainly be contrary to the policy of the State to deprive a man for the benefit of a creditor of income at least sufficient to meet the reasonable requirements for the support and maintenance of himself and his dependents. No such purpose can be imputed to the Legislature." (*McDonnell* v. *McDonnell*, 281 N. Y. 480, 482.)

Since there was no determination fixing the amount of the judgment debtor's earnings to be applied to the payment of the indebtedness prior to the service of the third-party order, the order so far as appealed from should be reversed and the judgment vacated, with costs to the appellants.

GLENNON, J. P., CALLAHAN and SHIENTAG, JJ., concur; DORE, J., dissents and votes to affirm.

Order, so far as appealed from, reversed and judgment vacated, with costs to the appellants. Settle order on notice.