Peck, P. J.
Plaintiff-appellant is defendant’s judgment creditor for alimony arrears. By a separation agreement incorporated in a decree of separation, defendant agreed to pay $575 monthly for the support of plaintiff and their child. Defendant defaulted in making the payments and in a suit to recover arrears judgment was entered against him for the sum of $3,907.50. Defendant having further defaulted in honoring the judgment, plaintiff procured an order in supplementary proceedings requiring defendant and his employer, the third party respondent, to show cause why the latter should not pay to plaintiff the sum of $1,200 a month on account of the judgment debt. Defendant defaulted on this motion and left respondent to defend on the ground that the application could not be entertained without a prior application having been made under section 793 of the Civil Practice Act for an order fixing the amount which defendant requires for his reasonable living expenses. Respondent prevailed in this view and plaintiff appeals.
*62 Respondent treats the application as being made solely under section 794 of the Civil Practice Act, without regard to section 793, and makes the argument, proper in itself, that a judgment creditor may not reach the earnings of the debtor through a third party proceeding without regard to the reasonable requirements of the debtor. What respondent would lose sight of is that the application here, which does not refer to any section of the Civil Practice Act, clearly shows that it is made with due regard to the requirements of section 793 and is based on a showing that defendant enjoys a salary of $1,833.33 per month, aside from other assets and income, and has no dependents except plaintiff and her child whom he has failed and refused to support. Explicitly, the contention is made, which is left unchallenged, that the sum of $633 monthly is sufficient for defendant’s support, and that the sum of $1,200 is a reasonable deduction from defendant’s monthly salary to be paid on account of the judgment for past due and unpaid alimony. We are of .the opinion that the moving papers sufficiently tendered the issue of defendant’s requirements, called upon defendant to defend on that issue and authorized the court to determine the amount of excess earnings which should be applied to the judgment. Defendant’s purposeful default in the light of plaintiff’s showing warranted granting the order requested.
Respondent relies on the decisions in Matter of Gill v. Schwartz (273 App. Div. 606), and Matter of Yarmush v. Cohen (185 Misc. 118). Those were contempt proceedings against a third party for paying salary to a judgment debtor in alleged violation of the restraining provision in an order for the examination of the third party under section 779 of the Civil Practice Act. No application had been made in those cases to reach that portion of the debtor’s income which exceeded his reasonable requirements. The judgment creditors simply took the position that a restraining order under section 779, without more, tied up all of the debtor’s earnings and authorized *63 the court to direct that such earnings in their entirety be paid over to the judgment creditor without regard to the subsistence requirements of the debtor and his family. The question, as stated by this court in Matter of Gill v. Schwarts (supra), was whether in supplementary proceedings a third party order made under section 779 of the Civil Practice Act, directing an employer of the judgment debtor to appear for examination and enjoining the employer from paying out any money due or to become due to the judgment debtor, is a mandate of the court which obligates the employer to withhold all future earnings of the judgment debtor as they accrue without a determination by the court first had of the reasonable requirements of the judgment debtor for maintenance and support of himself and those dependent upon him.
The court pointed out that section 792 of the Civil Practice Act exempted from seizure the earnings of a judgment debtor ‘ ‘ to the extent that such earnings shall appear to the court by oath or otherwise to be necessary for the reasonable requirements of the judgment debtor and his family, if dependent upon him ”. The court said that it was never intended to authorize the enjoining of a third party from paying wages to a judgment debtor without a prior judicial determination of the amount of the earnings which the judgment creditor is entitled to reach.
Nothing there held or said supports respondent’s position here. The application here was not for a restraining order, nor was it an attempt to cut off the payment of all earnings without a judicial determination of the amount of earnings the judgment creditor is entitled to reach. This is a proceeding to reach excess income after due consideration of the judgment debtor’s requirements.
Respondent would have us hold that a judgment creditor may not reach the excess income of a judgment debtor in the hands of a third party under section 794 without first undertaking a separate and independent proceeding against the judgment debtor under section 793. There is no warrant in the statute for requiring such multiplicity of action. We agree with the contention of respondent to the extent that a judgment creditor may not reach through a third party proceeding the earnings of a judgment debtor without regard to his reasonable requirements. But this does not mean that there must be a section 793 proceeding separate and apart from a section 794 proceeding, or that a proceeding under section 794 may not be brought until there has first been a determination of the debtor’s reason *64 able requirements in a section 793 proceeding. The several sections of article 45 of the Civil Practice Act, relating to proceedings supplementary to judgment, are integrated. Section 792 sets the standard for measuring the income of the debtor which the creditor may reach in supplementary proceedings and exempts earnings to the extent that they appear to the court to be necessary for the reasonable requirements of the debtor and his family. The phraseology indicates that the debtor is expected to show the extent of his needs. Section 793 provides for the issuance of an order against the judgment debtor directing him to pay over his excess income, and section 794 provides for the issuance of an order against a third party directing him to pay over such excess income. Agreeing that the standard for determining excess income is the same in a proceeding under section 794 as under 793, we conclude that the judgment creditor may proceed under either or both, and that it is not necessary for him to proceed under section 793 separately before he may proceed under 794. The important thing is that the debtor have due notice of the application and an opportunity to make a showing of his needs. So long as that opportunity is given, it does not matter whether the application be labeled one under 793 or 794.
It would have been better and preferable practice for plaintiff to have made reference to section 793 in her moving papers, so that there would be no occasion for respondent’s challenging the procedure, but the application here sufficiently advised defendant that it was a proceeding to reach his earnings in excess of his reasonable requirements and made a prima facie showing of his reasonable requirements and excess income. Defendant elected to default, just as he defaulted in making the alimony payments required of him both under the separation agreement and judgment for alimony arrears. Being duly notified of the nature and basis of the application, and being afforded an opportunity to make the showing which was permitted him under section 792, we consider him bound by what was undoubtedly a calculated default.
The order appealed from should be reversed and the motion granted, with costs to appellant.
Does, Cohn, Van Voobhis and Shxentag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.