■ SAMUEL GILBERT, as Stockholder of GLEN ALDEN CORPORATION, Suing on Behalf of Himself and All Other Stockholders of Said Corporation and for the Benefit of Said Corporation, Appellant, v. GLEN ALDEN CORPORATION, Respondent, et al., Defendants.— In a stockholder's derivative action, the appeal (as limited by the papers on appeal and appellant's brief) is from so much of an order fixing at $10,000, on respondent's consent, the Referee's fee as (1) provides that the Referee's fee may be taxed as a disbursement if the respondent is ultimately successful in this action, and (2) defers until the final determination of the action the reimbursement of appellant's cash disbursements. Order insofar as appealed from affirmed, with $10 costs and disbursements. No opinion. Nolan, P. J., Murphy, Hallinan and Kleinfeld, JJ., concur.

■ In the Matter of CHEMICAL CORN EXCHANGE BANK, Respondent, against IGNATIUS A. MONFORTE, Appellant.— In proceedings supplementary to judgment, the appeal is from an order adjudicating that appellant willfully violated the prohibition against the transfer of property after service upon him of a subpœna in supplementary proceedings on which section 781 of the Civil Practice Act was indorsed and fining him $1,248.18, with leave to purge himself by payment thereof. Order reversed, without costs, and motion denied, without costs. Appellant received $125 of the funds in question as a fee in an arbitration proceeding between a builder and a buyer. The balance of said funds, $1,123.18, was paid by appellant's employer, who also had paid additional sums to appellant as earnings. Of that balance of $1,123.18, $673.18 was in the form of a check for the payment of taxes on real property owned by appellant. Respondent has filed a garnishee execution against appellant's earnings, but the execution was filed after appellant's employer had disbursed the funds in question. There was not such a showing by respondent as to appellant's income as required a determination that none of the funds involved were necessary for appellant's reasonable requirements. Appellant appeared in person and submitted an affidavit in which he claimed that in earning the $125 he incurred expenses which left little, if any, compensation and that the remaining funds were used for living expenses. He requested a reference to an Official Referee if the motion were not denied. He did not actually account for and show that all the funds in question were necessary for his reasonable requirements. A judgment debtor is not contumacious merely because he receives and spends such sums as were involved herein, which were the proceeds from personal services, after service on him of a subpœna in supplementary proceedings. The record did not warrant a determination that appellant was willfully contumacious. When a judgment debtor receives wages or income from personal services in excess of the sum required for his family and himself, the remedy of the judgment creditor is an application under section 793 of the Civil Practice Act for an order directing the judgment debtor to make payments on account of the judgment (*Matter of Gill* v. *Schwartz*, 273 App. Div. 606; cf. *Matter of Olson* v. *Olson*, 275 App. Div. 60; *Matter of Sverd* v. *Mostel*, 283 App. Div. 128). In any event, the motion should not have been granted without a hearing. Nolan, P. J., Wenzel, Hallinan and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to affirm.