Matthew M. Levy, J.
This is a .motion by the judgment creditor in supplementary proceedings to punish the third party for contempt of court for violating the restraining provision contained in an order for the third party’s examination, which order was obtained pursuant to section 779 of the Civil Practice Act.
The judgment creditor contends that the judgment debtor was employed by the third party and was paid a total of $4,092.11 out of funds owing by the third party. I am not persuaded on this submission that the third party was the employer of the judgment debtor or was ever financially obligated to the judgment debtor.
Proceeding, however, on the assumption that the judgment debtor was employed by the third party and was paid a salary by it, the judgment creditor, nevertheless, cannot prevail on this application.
The judgment creditor takes the position that a restraining order under section 779 of the Civil Practice Act, without more, tied up all of the debtor’s earnings, and cites Matter of Gill v. Schwartz (191 Misc. 195). However, the judgment creditor seems to have overlooked the fact that the authority upon which she relies was reversed on appeal (273 App. Div. 606 [1st Dept.], appeal dismissed 300 N. Y. 625).
The judgment creditor also cites Olson v. Olson (275 App. Div. 60). But here, too, it appears that the judgment creditor has overlooked the fact that the court specifically pointed out (p. 63) that the “proceeding [was one] to reach excess *1073 income after due consideration of the judgment debtor’s requirements That is not the present application. Unless and until there has been a determination of such needs, a restraining order served on the judgment debtor’s employer as a third party is ineffectual to warrant punishment for alleged contempt (see, also, Matter of Yarmush v. Cohen, 185 Misc. 118).
In her brief, the judgment creditor states that the court has heretofore ordered that another third party pay to her a specified sum per month out of the judgment debtor’s earnings as an employee of that third party. Not only do the papers on this application not include the order referred to, but there is no proof that the present third party was aware of the order. The motion is denied.